## SHAW *versus* BERRY & al. Adm'rs.

Joint executors or administrators, representing the testator or the intestate, are, in law esteemed to be one person.

An act by one of them, relating to the goods of the estate, is deemed to be the act of all.

Thus, a witness' liability to the estate may be released by one alone of several joint administrators.

ON EXCEPTIONS from *Nisi Prius,* WELLS, J., presiding.

The suit was originally against Jacob M. Berry. After his decease, the defendants, being cited in as his administra-

tors, appeared and took upon themselves the defence of the suit.

At the trial, they offered the testimony of one Sands, who, being objected to for interest, was excluded. He thereupon produced a release, executed by James Berry, one of the administrators. His competency, however, was still objected to by the plaintiff, but he was admitted and testified. The verdict was for the defendants.

To the admission of the witness, the plaintiff excepted.

*Evans,* for the plaintiff.

*H. W. Paine,* for the defendants.

RICE, J. — The only question reserved for the consideration of the Court is whether James Berry, one of the administrators on the estate of Jacob M. Berry, had, by virtue of his office, authority to release any interest which the witness Sands had in the result of the suit.

It appears to be well settled, that if a man appoint several executors they are esteemed in law but one person, representing the testator, and the acts done by any one of them which relate to the delivery, gift, sale or release of the testator's goods are deemed the act of all. If one releases a debt it is good and binds all the rest. *Wheeler & al. Ex'rs* v. *Wheeler*, 9 Cowan, 34.

In case of joint executors or administrators, the authority of each is entire, and competent to the discharge of debts due the estate. 1 Atk. 28.

After administration is granted, the power of an administrator is equal to, and with the power of an executor. Williams on Executors, 609 ; Toller on Executors, 243 ; *Jacomb* v. *Harwood,* 2 Ves. Sen. 265.

Power to release an absolute debt would necessarily include authority to release a contingent liability.

*Exceptions overruled.*

SHEPLEY, C. J., and WELLS, HOWARD and HATHAWAY, J. J., concurred.