[No. 1674. Decided July 30, 1895.]

DAVID GILMORE *et al.*, *Respondents*, v. THE H. W. BAKER Co., *Appellant.*

LANDLORD AND TENANT — NOTICE TO QUIT — EVIDENCE — CERTIFIED· COPY OF RECORD — COMPETENCY OF WITNESS — CONVERSATIONS WITH DECEDENT — APPEAL — HARMLESS ERROR.

A notice to quit signed by one joint executor is sufficient to entitle it to go in evidence in an action of unlawful detainer brought by the executors.

In an action by the executors of the estate of a deceased person, the record of the probate proceedings had in another county, when certified by the clerk of that county, are admissible in evidence.

The rule prohibiting the introduction in evidence of conversa--

tions held between a deceased person and a party in interest will exclude the testimony of a stockholder in a corporation, which is a party to an action brought by the representatives of a decedent's estate upon a lease, when such stockholder, at the time of the alleged conversation, which was prior to the formation of the corporation to which he had assigned the lease, was the real party in interest. A party at whose request incompetent testimony has been admitted cannot complain of the errors.

The inspection of the premises by a portion of the jury in an action of unlawful detainer cannot be urged as error on appeal, when the appellant has failed to take an exception to a remark of the court telling them that they might visit the premises on their own responsibility.

Where the question of reasonable rental value of premises is not in issue in an action of unlawful detainer, an inspection of the premises by a portion of the jury amounts to no more than an irregularity without prejudice.

An instruction which leaves it to the jury to determine whether a notice to quit is a legal one is harmless error, when the notice was in fact good and sufficient in law.

*Appeal from Superior Court, King County.*

*Stratton, Lewis & Gilman,* and *John Fairfield,* for appellants.

*James Leddy (E. C. Hughes,* of counsel), for respondents.

The opinion of the court was delivered by

GORDON, J.—This is an action of unlawful detainer. The respondents allege that the premises were let to the appellant from month to month at an agreed monthly rental of $500, payable in advance on the first day of each and every month, and the appellant asserts a written contract for lease with verbal modification at $275 per month. There was a verdict for the respondents in the lower court, and, appellant's motion for new trial having been denied, judgment was entered upon the verdict, from which judgment and

order denying said motion for a new trial, this appeal is taken.

1. We think the complaint states facts sufficient to constitute a cause of action for unlawful detainer, and that appellant's demurrer thereto was properly overruled.

2. It is contended that the court should have sustained appellant's objection to the introduction in evidence of the alleged "notice to quit." It appears that when appellant went into possession of the premises in question, said premises were owned by David Gilmore and William Kirkman; subsequent thereto and prior to the commencement of this action said William Kirkman died testate, and the said David Gilmore, Isabella Kirkman, Fanny A. Kirkman, John Kirkman, W. H. Kirkman and John F. Boyer are the executors named in the last will of him, the said William Kirkman, which will has been duly admitted to probate in Walla Walla county in this state, the same being the county in which the said Kirkman resided at the time of his death. The "notice to quit" is signed by the said David Gilmore "in his own right and as one of the executors of the last will and testament of William Kirkman, deceased" and by David Gilmore, "Attorney in fact and duly authorized agent" of the other executors of said will, naming them. The notice required the appellant to pay the rent then due and owing, or surrender the premises to him the said Gilmore, and we think it a sufficient notice under the statute, and that the objections urged to it were properly overruled.

It appears from the record that the act which is here questioned was authorized and sanctioned by all of the executors. Aside from this, as one of the executors, a notice given by David Gilmore would be

sufficient in law. The act of one of two or more executors in a matter within the sphere of his authority as executor is the act of all. In the case of joint executors, the authority of each is entire.

"They are esteemed in law but one person, representing the testator, and the acts done by any one of them . . . are deemed the act of all." *Shaw v. Berry*, 35 Me. 279 (58 Am. Dec. 702); *Dean v. Duffield*, 8 Tex. 235 (58 Am. Dec. 108); *Willis v. Farley*, 24 Cal. 491.

3. It was not error to permit the introduction of the record of the probate proceedings, certified by the clerk of the superior court of Walla Walla county.

4. Upon the trial of the cause the appellant called as a witness H. W. Baker, its president, and in the course of the examination he was asked concerning a conversation occurring between himself and the said William Kirkman, deceased, in reference to an alleged modification of the written contract to pay $500 per month for rent, and an agreement to receive and accept in lieu thereof the sum of $275 per month in view of a decrease of the business. This conversation was objected to by respondents, as relating to a transaction between the witness— a party in interest —with a deceased person, and hence within the statute. The court excluded the testimony. Counsel for the appellant very ably and earnestly contends in his brief that such ruling of the lower court was error, and that the testimony should have been admitted.

It appears from the record that the appellant corporation was organized on February 1, 1893; that the original lease to these premises was executed to H. W. Baker, and thereafter the same was assigned to Bacon & Baker and by them to H. W. Baker Co. and by H.

W. Baker Co. to the corporation known as "The H. W. Baker Co.," the appellant.

The conversation in question occurred before the appellant corporation was organized. It related to a transaction in which the witness was at that time the *real party in interest* and in which *the witness was representing himself.* The fact that the present corporation (appellant) succeeded to the business of Bacon & Baker and H. W. Baker Co., and that the witness became its president and one of its stockholders, did not remove the disability which the law imposes upon him as a party in interest. To hold otherwise would, for practical purposes, be to ignore the spirit of the statute, by permitting one, whom the law from considerations of public policy requires to remain silent as to any transaction had by him with a deceased person, to evade the statute and avoid the disability imposed by it and become an effective witness merely by assigning his interest in the subject matter of the action, or by forming a corporation in which he might be the president and only stockholder, and thus by indirection accomplish that which the law prohibits to be done. For this reason alone, we think the testimony was properly excluded, and we do not feel called upon to pass on the question of whether an officer of a corporation can be permitted to testify to a transaction with a deceased person, in a suit between such corporation and the representative of such deceased person.

5. At the close of the trial, a request was made for the jury to inspect the premises, and consent thereto was given by both parties, but the court declined to order the jury to make such view, saying to the jury and counsel that:

"The court has no power to prevent them [meaning the jury] from going and looking at them [the premises]

on their own responsibility. The court will not order them to go there. I don't see any good purpose it will serve in this case."

No exception was taken by either counsel. In support of its motion for a new trial, the appellant filed affidavits, showing that two jurors separate and apart from their fellow jurors, visited the premises during the noon recess and investigated their condition, thus, as it is insisted, giving them an advantage over the remainder of the jury in determining the character of the premises in dispute and their reasonable rental value.

In the first place, the question of reasonable rental value of the premises was not an issue in this case, each party asserting and relying upon express contract. The court below permitted the appellant — over respondents' objection — to go into this question and thereafter respondents submitted considerable testimony upon it. In charging the jury concerning this testimony the court said :

"This is not for the purpose of having you fix a reasonable rental value for the use of that property; both parties to this controversy claim a contract was made between them fixing the rental that was to be paid for the premises; *the object of this testimony was to aid you in coming to a conclusion as to what amount it is likely the parties themselves fixed.*"

In our opinion, the court should have excluded the testimony entirely. However, the appellant is not in a position to complain, because the court permitted its introduction upon appellant's request. For another reason, however, the appellant cannot be permitted to urge the alleged misconduct and irregularity of the jury in visiting the premises, because that is what the court in effect told the jury they might do by saying to them that "the court has no power to prevent them

from going and looking at the premises on their own responsibility," to which remark counsel for the appellant made no objection and took no exception. What followed was nothing beyond what was reasonably to be expected.

6. The court among other things charged the jury as follows:

"If you find that there was a default in the payment of it [the rent], that the notice was served such as the law requires, as the court has indicated to you, and that the notice or requirement was not complied for a period of three days after the service of that notice, you will find for the plaintiff, otherwise you will find for the defendant."

It is objected by appellant that this charge left it to the jury to decide what is a legal notice, and what kind of a notice the law requires, whereas the sufficiency of the notice was a question of law for the court. We think that this objection is well taken, but it does not follow that the cause should be reversed. The error was harmless, because, as has already been said in this opinion, the "notice to quit" was a good and sufficient notice in law, and clearly appellant was not prejudiced by the court's failure to so charge the jury.

The other alleged errors referred to in the brief of appellant's counsel in this cause have been duly considered, but we do not regard any of them as being sufficiently important to warrant a reversal. No reversible error appearing in the record, the judgment appealed from will be affirmed.

HOYT, C. J., and SCOTT, DUNBAR and ANDERS, JJ., concur.