[No. 7287. Decided June 13, 1908.]

JAMES JENSEN, *Respondent*, v. WILLIAM F. SHEARD *et al.*,
*Appellants*, JOHN B. OVERFIELD *et al.*, *Respondents.*[1]

APPEAL—DECISIONS REVIEWABLE—COSTS.  Appeal does not lie
upon a mere question of costs.

SAME—REVIEW—PARTIES ENTITLED—INVITED ERROR — DISMISSAL.
Appellants cannot allege error in findings which are substantially
identical with the findings requested by them; and that being the
only error urged, the appeal will be dismissed.

Appeal from a judgment of the superior court for Pierce
county, Miller, J., entered December 2, 1907, upon findings
in favor of the plaintiff, after a trial on the merits before the
court without a jury, in an action to foreclose mechanics'
liens.  Appeal dismissed.

*F. S. Blattner* (*Frank H. Kelley*, of counsel), for appellants.

*Theo. D. Powell, Frederick H. Murray, Eugene Carr,
H. R. Lea, Ira A. Town*, and *Wm. H. Pratt*, for respondents.

PER CURIAM.—In this action sundry parties, by complaint
and cross-complaint, sought to foreclose liens for labor and
material against certain real property owned by the defendant William F. Sheard, and from a judgment in favor of the
several lien claimants, Sheard and wife have appealed.

The respondents have interposed a motion to dismiss on
the ground that the findings of fact and conclusions of law
made and entered by the court are identical with the findings
and conclusions proposed by the appellants.  A comparison
of the findings made and the proposed findings, as set forth in
the appellants' brief, shows this to be substantially true.  The
only difference we have been able to discover, aside from mere

[1]Reported in 96 Pac. 2.

clerical errors, is that the appellants claimed costs in favor of the appellant Elizabeth Sheard, whereas, the court dismissed her from the case without costs. Should we assume that the court was in error in this regard an appeal will not lie to this court on a mere question of costs. Notwithstanding the identity of the findings made by the court with the findings proposed by the appellants, the latter have excepted to the findings as made, and to the refusal to find as requested, and assign error on the court's rulings. But it is a well settled rule of practice in all courts that a party will not be heard to complain of invited error or of rulings made at his request. *Gottstein v. Seattle Lum. & Com. Co.*, 7 Wash. 424, 35 Pac. 133; *Gilmore v. Baker Co.*, 12 Wash. 468, 41 Pac. 124; *State ex rel. Bickford v. Benson*, 21 Wash. 365, 58 Pac. 217; *North Yakima v. Scudder*, 41 Wash. 15, 82 Pac. 1022; 3 Cyc. 242 *et seq.*

Had the court signed the findings and conclusions proposed by the appellants, the judgment appealed from would follow as a matter of course, and for that reason the appellants cannot be heard in opposition to the judgment. The motion to dismiss is therefore granted. Since the submission of the case, certain persons who were not parties to the action have moved the court to strike their names from the notice of appeal, appeal bond and brief. The conclusion we have reached on the motion to dismiss renders a decision on this motion unnecessary. Appeal dismissed.