THOMAS R. CLENDENNIN, PLAINTIFF IN ERROR, v.
THOMAS J. CLANCY, EXECUTOR, DEFENDANT IN ER-
ROR.

Submitted July 10, 1911—Decided November 20, 1911.

1. O'Rourke assigned to plaintiff a claim for services rendered by
   him to the defendant's testator; the assignment was in good
   faith for a valuable consideration consisting of the cancellation
   of a debt due from O'Rourke to the plaintiff and the giving to
   O'Rourke of the plaintiff's note; the amount of the considera-
   tion was less than the face of O'Rourke's claim—*Held*, that it
   was error to exclude O'Rourke's testimony; the interest that
   under proper practice might disqualify him as a witness is not
   the indirect interest of a creditor of the plaintiff in the action,
   but a direct property interest in the recovery itself.
2. In a suit against an executor by an assignee of a claim against
   the testator the question whether the assignor is still the real
   owner of the claim so as to disqualify him as a witness is not
   an issue for the jury, but a preliminary question of fact neces-
   sarily to be decided by the court.

On error to the Bergen Circuit Court.

For the plaintiff in error, *Mackay & Mackay*.

For the defendant in error, *Peter W. Stagg*.

The opinion of the court was delivered by

SWAYZE, J. The plaintiff sues as assignee of a claim against
the estate of O'Grady for services rendered to the deceased by
Thomas O'Rourke, the assignor, as nurse. It was proved by
the testimony of both O'Rourke and Clendennin that the as-
signment was *bona fide* for a valuable consideration, consisting
of the cancellation of a debt due from O'Rourke to Clenden-
nin and the giving to O'Rourke of Clendennin's note for $700.
The amount of the consideration was less than the face of
O'Rourke's claim, and it was suggested that perhaps the note

was to be paid out of the claim now sought to be recovered. The undisputed evidence was, however, that Clendennin was bound to pay the note at all events, and that in taking the assignment he took his chances of recovering a questioned claim against the estate. In this state of the proofs the learned trial judge conceived that O'Rourke had an interest in the claim now in suit and excluded his evidence as to the services rendered the deceased; the necessary result was that he directed a verdict for the defendant. In this course he fell into error. Our statute has removed the common law disability arising out of a witness' interest and permits that interest to be shown for the sole purpose of affecting his credit; his credit as a witness, however, is a question for the jury and not for the court. The ruling cannot be justified on the ground that the' defendant was sued in a representative capacity, for the plaintiff is not a party to the record. The case is within the rule of *Cullen* v. *Woolverton,* 36 *Vroom* 279. The only difference between the two cases is that in Cullen *v.* Woolverton the consideration expressed in the assignment was equal to the amount of the claim, and in this case it is less. That difference does not affect the principle involved. What we decided in Cullen *v.* Woolverton was that the assignor was a competent witness when he had in fact parted with the claim to the assignee in good faith. The present case differs from *Platner* v. *Ryan, Executor,* 47 *Id.* 239. There the court rejected evidence convincing, if true, that the assignment was made, not in good faith, but solely for the purpose of qualifying the assignor as a witness, and the Supreme Court said that, when such a condition was shown to exist, the court should stay proceedings until the declaration is amended by an averment in accordance with the fact that the suit was brought for the use and benefit of the assignor. Here the evidence, when the questioned ruling was made, was uncontradicted that O'Rourke had in good faith parted with all interest in the claim. He may, as a prudent man, have been very willing to pay his debt and obtain Clendennin's note for an amount less than his claim, and to leave the risk and expense of the necessary litigation to Clen-

dennin. The fact that he may be interested in Clendennin's success in the litigation because it makes more probable the ultimate payment of the note is of no moment. The interest that under proper practice might disqualify him as a witness is not the indirect interest of a creditor of the plaintiff in the action, but a direct property interest in the recovery itself, so that the suit may be said to be in a legal sense for the use and benefit of the assignor.

The judgment must be reversed and a *venire de novo* awarded.

Since this necessitates a new trial, we ought, in order to avoid possible misapprehension, add a word as to the second plea. This plea avers that the assignment was not made in good faith and for a valuable consideration, and that the real owner and real plaintiff is O'Rourke. At the trial the plaintiff seems to have been allowed to traverse this plea orally. Without approving this practice, we think it enough to say that an issue thus joined, if meant, as it must have been, only to raise the question of the competency of the plaintiff as a witness was not an issue for the jury. It was one of those preliminary questions of fact that are necessarily decided by the court, resembling the question of the admissibility of confessions in criminal cases. *State* v. *Young,* 38 *Vroom* 223; and of dying declarations, *State* v. *Monich,* 45 *Id.* 522; *Wigm. Ev.,* §§ 487, 861, 1451, 2550.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Garrison, Swayze, Trenchard, Parker, Bergen, Voorhees, Kalisch, Bogert, Vredenburgh, Congdon, White, JJ. 13.