[No. 11590.   Department One.   August 11, 1914.]

JOHN FINK, *Respondent*, v. CHARLES E. MARR, *Appellant*.[1]

SALES—BREACH OF WARRANTY—WAIVER—ACCEPTANCE.   An acceptance of goods sold under a warranty as to quality is a waiver of the right to rescind, but does not waive the right to recover damages for breach of warranty in an action for the price.

SAME—BREACH OF WARRANTY—ACCEPTANCE—PRESUMPTIONS.   Failure to notify the vendor of defects in goods sold under a warranty, or offer to return them within a reasonable time after discovering the defects, raises a presumption that the goods received were of satisfactory quality.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered April 29, 1913, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract, after a trial on the merits.   Reversed.

*C. D. Randall*, for appellant.

*D. W. Henley*, for respondent.

MAIN, J.—The purpose of this action was to recover the sum of $277.20, the balance alleged to be due for a quantity of apples, sold and delivered.   The defendant pleaded a

[1]Reported in 142 Pac. 482.

breach of warranty, and prayed for the recovery of damages in the sum of $35.15. The cause was tried to the court and a jury. The verdict was for the plaintiff in the sum of $185.60. From the judgment entered upon the verdict, the defendant appeals.

The facts, so far as necessary to an understanding of the question here presented, are as follows: On the 28th day of October, 1912, the plaintiff sold his crop of apples for that year to the defendant at the price of sixty-five cents per box. The contract of sale was in writing, and contained a warranty that the apples were to be "No. 1 stock with culls thrown out," and should not be smaller than two hundred to the box. Between November 9, 1912, and November 29, 1912, fifteen loads of apples were delivered, each load consisting of about fifty-five boxes. On November 30th, the sixteenth and last load was tendered and refused. Thereafter the present action was instituted.

In addition to the general verdict, the jury, in answering special interrogatories, found (a) that the defendant had made a careful inspection of the apples with a view to determining whether they came up to the quality described in the contract prior to the receipt of the tenth load; (b) that the apples delivered were not of the quality warranted by the contract; (c) that the market value of the apples was sixty cents per box; and (d) that the apples which the defendant refused to accept were not up to the standard warranted by the contract.

The question for determination upon this appeal is one of law. In the instructions, the jury were told that, if the purchaser, during the time the apples were being delivered, made an inspection of them which would advise him that they were not as warranted, and after having obtained this knowledge by the inspection, accepted the subsequent loads of apples tendered without objection, or without notifying the seller that the apples were defective, then, any defect in the apples would be waived. In other words, that an ac-

ceptance of the apples with knowledge of their defective quality and without objection or notice to the vendor, would be a waiver of the vendee's right to rely upon a breach of warranty.

That the term in the contract of sale which provided that the apples were "to be No. 1 stock with culls thrown out," constituted a warranty as to quality, is not controverted. Where goods or chattels are sold with an express warranty as to quality, and the article delivered is inferior to that contracted for, a purchaser by accepting goods offered, waives his right to rescind, but does not thereby waive his right to rely upon the warranty in an action brought against him for the price, or in a suit prosecuted by himself for damages for breach thereof. In *Tacoma Coal Co. v. Bradley*, 2 Wash. 600, 27 Pac. 454, 26 Am. St. 890, the court held that it was error to instruct the jury that, if the defendant retained and used the goods there in question after a knowledge of the defects, without notifying the plaintiffs of such within a reasonable time, it thereby waived its right to recoup for damages. In that case, the subject-matter of the sale was certain fire-brick. The defendant claimed that the brick were not of a quality suitable for the purpose for which they were purchased. It was there said:

"It is undoubtedly true that if the brick were defective, and appellant was silent, and did not give notice or offer to return them within a reasonable time after discovering defects, the right to rescind the sale was thereby waived. But the right to recover damages on account of defective quality was in no wise affected. Benjamin on Sales (Bennett's Notes, 1888), § 901. It is also true that in such cases a failure to give notice or to offer to return the goods would have an important bearing upon the question of warranty, and would raise a strong presumption that the goods received were of satisfactory quality. *Babcock v. Trice*, 18 Ill. 420; Abbott, Trial Evidence, p. 348. That the vendee may retain the goods without notice, and plead breach of

warranty, in an action by the vendor for the purchase price, is shown by numerous authorities. [Citing authorities]."

The rule of that case was approved in *Dickinson Fire & Pressed Brick Co. v. Crowe & Co.*, 63 Wash. 550. 115 Pac. 1087, where it was said:

"If we should concede that there was a breach of warranty, the rule is that a failure to give notice, or to offer to return the property within a reasonable time after discovering the defect, operates as a waiver of the right to rescind, and leaves the purchaser only the right to recover or offset damages to the extent of the diminished value of the article."

Failure to complain of the quality of the goods or chattels delivered when their inferiority is discovered, or within a reasonable time thereafter, raises a strong presumption that the complaint of defective quality is not well founded. In 2 Mechem on Sales, § 1811, the author states the rule to be:

"In the ordinary case of breach of warranty, either express or implied, notice of the defect or an offer to return the property to the seller is not in any respect a condition precedent to the buyer's right to maintain an action for the breach of warranty, although, as is pointed out by Mr. Benjamin, his 'failure to return the goods, or complain of the quality, raises a strong presumption that the complaint of defective quality is not well founded.' So, obviously, the buyer is not bound to request the seller to remove the article or to replace it with another, in the absence of an agreement so to do."

This presumption is generally one of fact and not of law. It may be either that the articles tendered are of satisfactory quality or that the right to rely upon the warranty has been waived. The strength of the presumption in a particular case depends upon the attendant facts and circumstances, one of which is the period of time that elapses between the acquisition of knowledge of the defect and the complaint. *Morse v. Moore*, 83 Me. 473, 22 Atl. 362, 23 Am. St. 783, 13 L. R. A. 224; Williston, Sales, § 488.

The giving of the instruction complained of was error. For this reason, the judgment will be reversed and the cause remanded for a new trial.

CROW, C. J., GOSE, ELLIS, and CHADWICK, JJ., concur.