[No. 17140. Department One. February 3, 1923.]

FIRST METHODIST EPISCOPAL CHURCH OF PASCO,
*Respondent,* v. C. M. BARR *et al.,*
*Appellants.*[1]

PARTY WALLS (1-1)—RIGHTS OF ADJOINING OWNERS—ENCROACH-
MENTS—ABATEMENT OF NUISANCE. Where a party wall agreement
has been rescinded and the consideration returned, the wall ceases
to be a party wall, and any encroachment on the adjoining land is
a private nuisance subject to abatement.

NUISANCES (10-1)—PRIVATE NUISANCES—ABATEMENT—JUDGMENT.
In an action to abate the private nuisance of an encroachment of a
wall on adjoining premises, a decree authorizing plaintiff to use any
portions of the encroachments not removed within thirty days is not
sufficiently broad, and should permit him to remove such encroach-
ments as remain after thirty days.

APPEAL (88)—PARTIES ENTITLED TO ALLEGE ERROR—RESPONDENTS.
Respondent may not have a decree corrected where he did not
appeal.

Appeal from a judgment of the superior court for Franklin county, Sessions, J., entered January 27, 1922, in favor of the plaintiff, in an action for an injunction, tried to the court. Modified.

*Chas. W. Johnson,* for appellants.

*M. L. Driscoll* and *Lee & Kimball,* for respondent.

BRIDGES, J.—One of respondent's predecessors in title was the owner of lot nine in a certain block in Pasco and constructed a building thereon. At that time one of the appellant's predecessors in title, a Mr. Page, was the owner of the adjoining lot ten, which was

[1]Reported in 212 Pac. 546.

then vacant and has so remained until recently.  At the time of the construction of the building on lot nine, an arrangement was made between the then owners of the two lots whereby one of the walls of the building being constructed on lot nine should become a partition wall to be used when a building on lot ten should be constructed.  This agreement was reduced to writing.  The consideration for making it a party wall was that Mr. Page and his wife, the then owners, were to pay the then owner of lot nine $1,000.  This sum was paid by Page and his wife giving their note and securing the same by mortgage.  Subsequently, Mr. Page died, leaving a small estate, including lot ten.  Mrs. Page, being unable to pay the note, it was agreed between her and the then owners of lot nine that it would be cancelled and the mortgage satisfied and the party wall agreement destroyed and terminated.  This program was carried out and thereafter Mrs. Page did not claim any interest in the wall.  The party wall agreement was never put of record.

Acting under this agreement, Mr. Page, at the time the wall was being constructed, bought and caused to be installed in it certain hangers, or stirrups, into which girders might be placed for the purpose of supporting any building which he might thereafter construct on lot ten.  Some years afterwards, appellants became the owners of lot ten, and were in the act of constructing a building thereon and using the hangers which they found in the adjoining wall when the respondent, which had become the owner of lot nine, brought suit to enjoin them from using these hangers, or in any way using the wall as a partition wall.

The testimony shows that, while the wall itself is entirely on lot nine, the hangers, a part of the coping and a part of the window sills of the building on that lot hang out over a part of lot ten, and the concrete

foundation extends out over that lot several inches. There is nothing in the record to show that any of the parties in interest had knowledge of these encroachments, except the hangers, at the time the building was constructed. The trial court entered judgment in favor of the plaintiff, enjoining the defendants from attaching any part of their building to the wall in question, or in any manner using it, and directed them, within a certain time, to remove such portion of their building as rested on the wall, and adjudged that defendants be permanently enjoined from using the wall or attaching any building or structure thereto, and further decreed that the plaintiff be allowed thirty days from the entry of the judgment to "remove the hangers or footings that extend over upon said plaintiff's property (manifestly meaning defendant's property) and that in the event of their failure to remove said footings or hangers within the said thirty days, that said defendant shall have the right to use the same." From this decree the defendants have appealed.

Throughout the trial in the lower court, and in the briefs and arguments here, the contention has been that the wall in question is a party wall and may be used as such. It is our view that the only question in this case is one of encroachment. Party walls can be created only by contract or by statute. 20 R. C. L. 1084. When, by agreement of the only parties at that time interested, the party wall agreement was destroyed and rescinded and the consideration therefor returned, the wall ceased to have any elements of a party wall. The case now stands as though such an agreement had never been made, and there is left only the question of encroachment. Such being the case, appellants are not entitled to put any weight on the

wall or otherwise use it as a party wall, but they do have the right to the use of their entire lot, and those portions of respondent's building which encroach are nuisances subject to abatement.

"An encroachment is deemed a private nuisance which an adjoining owner, who is thereby deprived of the complete enjoyment of his land, may generally abate; but in removing the encroachment care must be taken to remove no more than actually encroaches, and to refrain from causing unnecessary damage." 1 C. J. 1208.

It follows from what we have said that the major portion of the decree was properly made.    We think, however, that the provision thereof which we have quoted, permitting the appellant to use such portions of the encroachment as shall remain after the respondent has had thirty days in which to remove them, is not sufficiently broad.    It may be, and in this particular case it doubtless is true that the appellants will not be able to use any, or at least some, of the encroachments, and since those they cannot use must be in their way and to their damage, the court should have provided that they may not only use but remove such encroachments as shall remain after the period of thirty days given the respondent in which to remove them.

It may be that this portion which permits appellants to use the encroachments is contradictory to the remainder of the decree and not justified under the law or the evidence, but if it be wrong it is a wrong against the respondent, who does not appeal, and it therefore cannot be here corrected.

The decree is modified as here indicated, and as so modified is affirmed.    Neither party will recover costs in this court.

PARKER, MACKINTOSH, and HOLCOMB, JJ., concur.