[No. 17644.  Department Two.  May 1, 1923.]

GRUENDLER PATENT CRUSHER AND PULVERIZER COMPANY,
*Respondent*, v. PRESTON GRAIN & MILLING
COMPANY, *Appellant*.[1]

SALES (118)—BREACH OF WARRANTY—WAIVER OF BREACH—NOTICE OF DEFECTS—ACCEPTANCE. The buyer becomes liable for the full purchase price of milling machinery, where the sales contract contains clauses of warranty and provides in terms a period of thirty days within which a test of the matters warranted shall be made; and further provides for notice to the seller in case of failure as to any warranty, with opportunity to the seller to remedy the same, and the purchaser failed to notify the seller of asserted defects in the machine within the time provided for in the contract; and the purchaser may not waive the right to rescind and recover damages for breach of warranty if notice is not given within the time provided for.

APPEAL (388)—REVIEW—RIGHT TO ALLEGE ERROR—CROSS-APPEALS. Respondent cannot allege error in computing the amount of recovery in the absence of a cross-appeal.

Appeal from a judgment of the superior court for Yakima county, Nichoson, J., entered January 30, 1922, upon findings in favor of the plaintiff, in an action on contract, tried to the court.  Affirmed.

*Williamson & Luhman,* for appellant.

*D. H. Bonsted,* for respondent.

TOLMAN, J.—Respondent, as plaintiff, brought this action to recover the purchase price of an alfalfa mill sold under a written contract to appellant.  The contract contains the following conditions:

"GUARANTEE:  We guarantee every machine or part thereof to be free from defects in material and workmanship, subject to replacement free of charge F. O. B. Factory if defects develop within one year, upon return of broken part, prepaid to factory.  We assume

[1]Reported in 215 Pac. 60.

no liabilities for damages on account of delays, nor will we make allowance for repairs or alterations unless same are made with our consent and approval.

"We further guarantee our machines to hold capacity on material as specified and produce most uniform product, economical as any other machine of similar size.

"TRIAL: By acceptance of this proposition you agree to install machinery and put same to work on the material adapted immediately upon arrival of same, and if within 30 days after date of receiving machinery same does not come up to our representations, we reserve the right to have you notify us at once to send our engineer to investigate the trouble, to remedy same if possible, however, should the mill thereafter not come up to our guarantee, you to place the machinery on board cars F. O. B. your station, in good condition (ordinary wear and tear excepted), billing same to us with freight prepaid, and we will refund all money paid us.

"REFERENCE: Franklin Bank, St. Louis, Mo.

"If your option to return above said machinery is not availed of according to the above terms, and within the above 30 days, the machinery must be paid for in full.

"This proposition is for immediate acceptance by the purchaser and does not constitute a contract unless same is approved by The Gruendler Patent Crusher and Pulverizer Company. The title and right of possession of the machinery we furnish remains the property of The Gruendler Patent Crusher and Pulverizer Company until the same has been fully paid for in cash.

."This contract is contingent upon strikes, fires, accidents and causes beyond our control, and it is agreed that there are no promises, agreements or understandings outside of this contract.

"This contract is not subject to cancellation after it has been accepted in writing by factory."

The complaint alleges that the mill was delivered September 3, 1920, but it appears that some necessary

parts were not delivered until about the middle of December following, and that there was delay in securing the installation of the necessary transformers and a proper motor, so that the mill could not be and was not operated until February 8, 1921. Respondent was informed of these delays, and, by letters and telegrams, consented that the tests provided for in the contract might be made after the installation was completed, but nowhere, as we read the record, was there any waiver of the terms of the written contract regarding notice of defects or incapacity to be given within thirty days after the tests should begin.

Appellant operated the mill from February 8 to about March 19, 1921, and then for the first time gave notice, by a letter written on the last mentioned date, that the mill could not be made to produce its guaranteed capacity of ten thousand pounds per hour; that the product was unsatisfactory, and various so-called defects or deficiencies in the machine were pointed out.

The trial court found that there was no waiver of the thirty-day test period, or of the necessity of giving the notice of failure to meet the warranties within that time; that no such notice was given, and that therefore appellant had accepted the machine under the terms of the contract, and accordingly rendered judgment for the purchase price and interest, from which judgment this appeal was taken.

It now seems to be the contention of the appellant that though the notice, so-called, was not given within the thirty-day period, and the right to rescind was thereby lost, yet, as the mill was sold under a warranty, the purchaser might waive the right to rescind and still recover damages for the breach of the warranty, to be offset against the purchase price, citing *Fink v. Marr*, 81 Wash. 92, 142 Pac. 482. In that case

numerous authorities were considered, and the court adopted the rule laid down in 2 Mechem on Sales, § 1811, there quoted as follows: .

" 'In the ordinary case of breach of warranty, either express or implied, notice of the defect or an offer to return the property to the seller is not in any respect a condition precedent to the buyer's right to maintain an action for the breach of warranty, although, as is pointed out by Mr. Benjamin, his "failure to return the goods, or complain of the quality, raises a strong presumption that the complaint of defective quality is not well founded." So, obviously, the buyer is not bound to request the seller to remove the article or replace it with another, in the absence of an agreement so to do.' "

The last clause of the text quoted points out the reason why the rule is not here applicable. The parties here fixed their several rights and obligations by a written contract, which provided for a thirty-day test in order to develop any inherent defects or want of capacity, with the right in the seller, if defects were developed, to send his engineer to investigate and remedy the same, and not having timely notice, it was deprived of its right to remedy the want of capacity and other defects, if any, and, by the terms of the contract, the buyer became liable for the payment of the purchase price in full. Of course, this is separate and distinct from the warranty as to defective parts and workmanship which might develop after a thirty-day test period, and that feature of the contract is not before us.

The theory of the trial court was the correct one. The evidence fully sustains its findings as to the failure to give notice within the time provided, and the judgment must be affirmed.

Respondent, on oral argument, suggests that an error was made in computing the interest, and that the

judgment should have been for a larger amount. In the absence of a cross-appeal, we are not at liberty to consider this question.

Judgment affirmed.

Main, C. J., Mitchell, and Pemberton, JJ., concur.