[No. 18515. Department One. July 7, 1924.]

EDWARD SHERWOOD, *Appellant*, v. THOMAS C. WISE
*et al., Respondents.*[1]

APPEAL (388)—REVIEW—RIGHT TO ALLEGE ERROR—CROSS-APPEAL. Questions raised by the cross-appeals of respondents cannot be considered where they dismissed their cross-appeals.

CONTRACTS (40)—MECHANICS' LIENS (94)—VALIDITY—VIOLATION OF STATUTE—EVIDENCE—SUFFICIENCY—"ARCHITECTS." In an action to foreclose a mechanics' lien for services rendered by an architect, it is error to deny relief on the ground that the claimant was not a duly licensed and certified architect as provided by Rem. Comp. Stat., §§ 3270-3276, where the owners accepted the services and at all times acknowledged their agreement to pay a certain sum therefor.

ACCOUNT STATED (3)—IMPLIED ASSENT—EVIDENCE—SUFFICIENCY. An architect's claim for services does not become an account stated, where it appears that it was objected to at the time it was rendered.

MECHANICS' LIENS (106) — ENFORCEMENT — ATTORNEY'S FEES — WAIVER. Where a lien claimant refused to accept the amount justly due, he is not entitled to an attorney's fee in his action to foreclose the lien.

COSTS (62)—ON APPEAL—MORE FAVORABLE JUDGMENT. Appellants, having recovered a more favorable judgment on appeal, are entitled to the costs of appeal.

Appeal from a judgment of the superior court for Pierce county, Askren, J., entered April 27, 1923, upon findings in favor of the defendants, in an action to foreclose a mechanics' lien, tried to the court. Reversed.

*Ralph Woods,* for appellant.

*Bates & Peterson,* for respondents.

[1]Reported in 227 Pac. 323.

HOLCOMB, J.—This appeal is from a judgment of the trial court in an action to foreclose a mechanics' lien. Appellant Sherwood, as assignee of the claim of Fred F. Travis, sued to recover ten per cent of the entire cost of the building of a sixty-one-room apartment house in Tacoma, upon the real estate described in the complaint. The building cost $32,600. Respondents claim that appellant Travis agreed to do the entire work as architect in drawing the plans and specifications, and as superintendent and builder of construction until the completion of the building, for $2,500. Upon conflicting evidence, the trial judge found that there was no contract between the parties for ten per cent of the cost price of the building, but that there was a contract that appellant Travis was to receive a lump sum of $2,500 for his work. The trial judge refused to allow that sum for the reason that appellant Travis had held himself out to respondents, in order to procure the business, as an architect; that he was not a licensed and certified architect as provided by the law of the state, §§ 3270 to 3276, Rem. Comp. Stat. [P. C. §§ 313, 319], and therefore was not entitled to any compensation as architect; that the reasonable value of the services of an architect in the construction of a building, under the undisputed evidence, would be five per cent of the cost price of the building, but that appellant was not entitled to such compensation, not being an architect, and that the reasonable value of the services of the superintendent and builder upon the construction of the building, under the undisputed evidence, would be ten dollars per day; that appellant Travis worked 121 days, the reasonable value of his services therefore being $1,210, which he allowed appellants, deducting therefrom $702 which had been paid to appellant Travis, and denying any attorney's

fees for the foreclosure of the lien, because of appellant Travis having refused to accept a sum greatly in excess of that to which he was entitled before any action was brought. From this judgment Sherwood and Travis both appeal, and respondents Wise cross-appealed, but before the submission hereof they dismissed their cross-appeals.

The appeal is pending, therefore, upon the appeal of Sherwood and Travis only, and some of the questions urged by respondents Wise, which might be considered if their cross-appeals were before us, we cannot now consider.

The entire record has been carefully examined. The somewhat heated assertions and arguments of counsel for appellants as to the rulings and decision of the trial court find little justification in the record.

There is no doubt that there was ample evidence justifying the court in finding that the agreement between the parties for the construction of the building was that $2,500 was to be paid for the entire services, and not ten per cent of the cost price. On the other hand, the evidence was amply sufficient to show that, while the building had many defects as it was left by appellant Travis, the services rendered by him were accepted by respondents, and the claims upon the damages alleged by respondents cannot now be considered by us, since there is no cross-appeal before us. The evidence shows that respondents, after the completion of the building, as it was completed, which was a substantial performance of the contract by appellant Travis, accepted it as it was. It is true they say they were compelled to accept it because of the fact that they were obliged to procure a loan upon the property with which to pay the bills for materials, labor and supplies; but so far as the evidence shows, they made

no objection or protest to appellant Travis or to anyone representing him as to the alleged defects in the construction, and at all times insisted that their contract with Travis was that they were to pay him $2,500 for his services as a whole. At one time, in order to get all the bills settled so they could procure the money on their loan, they even offered to pay $300 more than the $2,500, less $702 which had been paid, and at that time appellant Travis refused to consider settling upon that basis, and impetuously left the room where the parties were, and ordered his attorney to also leave. While this evidence was not proper to be considered as an offer of compromise, it does show that respondents Wise at all times were willing to pay $2,500, or even more, and also that appellant Travis refused to receive or consider the acceptance of the only compensation to which he was entitled. There is evidence in the record that his attorney at one time filed an answer in the garnishment proceeding, nominally on behalf of respondents Wise, in which it was alleged that the agreement was that appellant Travis was to receive ten per cent of the cost price of the building, but not to exceed ten per cent on $20,000, which would be a compensation of $2,000, and that he was to waive any right to a lien.

Appellants also insist that there was an account stated between the parties, since Travis, when the loan was attempted to be procured on November 5, 1922, sent a statement to the effect that there was a balance due him for plans, specifications, labor and superintendence of $2,500. Appellants contend that this became an account stated, because no objection was made to it. The evidence shows otherwise. Mrs. Wise, who transacted most of the business for respondents in the construction of the building, her husband, a railroad

man, being absent most of the time, testified that, in the presence of her attorney, Travis and his attorney, she did object, and at all times insisted that the contract was to pay Travis $2,500 for his services.

We are not inclined to notice many of the contentious claims of appellants, nor the contentions of respondents that appellant Travis was not entitled to recover anything on the contract for $2,500 because he was not an architect.

These services were not of the same nature as such highly skilled services as those of a physician, such as was dealt with in *Deaton v. Lawson,* 40 Wash. 486, 82 Pac. 879, 111 Am. St. 922, 2 L. R. A. (N. S.) 392. These services were performed and accepted in entirety. Barbers are also required to be licensed under the laws of this state, but we do not believe that one could employ a barber to cut his hair, or shave him, and having received the services in full, could then refuse to pay because the barber was unlicensed.

After an examination of the entire record, we are satisfied that the trial court erred in declaring that appellants could not recover on the $2,500 contract for the services which he found, and which we find, were rendered, and which were substantially performed and accepted.

The judgment is therefore reversed, with instructions to enter judgment in favor of appellants for the sum of $2,500, less $702 to which respondents are entitled to credit as of November 5, 1922, with interest thereon at the legal rate.

Because of the refusal of the appellants to consider or accept the amount justly due from respondents on that date, appellants are not justly entitled to an attorney's fee in foreclosing their lien. Moreover, there was no evidence on which to fix attorney's fees, and no

stipulation that the trial court might find and fix any reasonable sum as attorney's fees.

Appellants having recovered a more favorable judgment on appeal are entitled to costs of appeal.

MAIN, C. J., TOLMAN, MACKINTOSH, and PARKER, JJ., concur.