[No. 18838. Department One. January 7, 1925.]

HANS OLSEN, *Respondent*, v. EDWIN W. KEMOE,
*as Executor etc., Appellant.*[1].

WITNESSES (37-1) — COMPETENCY — TRANSACTIONS WITH PERSON
SINCE DECEASED. The testimony of one partner as to a transaction
with the deceased, whereby advances made by plaintiff to witness'
copartner were to be repaid out of the first proceeds of the sale of
fish, is not inadmissible as the testimony of a party in interest,
where the suit was to recover on an account receivable for fish due
the partnership from the deceased's estate, which account had been
assigned to plaintiff by the partners prior to the suit; since the
witness was not a "party to the record" nor a "party in interest,"
nor testifying in his "own behalf."

APPEAL (458) — HARMLESS ERROR — EVIDENCE — FACTS OTHERWISE
ESTABLISHED. Error in the admission of improper testimony in an
action tried to the court, is harmless, where there was other com-
petent evidence of the fact.

Appeal from a judgment of the superior court for
King county, Carey, J., entered March 18, 1924, in
favor of the plaintiff, in an action to enforce a claim
against the estate of a decedent, tried to the court.
Affirmed.

*Lloyd R. Savage,* for appellant.
*Louis E. Shela,* for respondent.

BRIDGES, J. — If the respondent's testimony was
properly received by the trial court, the facts are these:
Ben Kille, John Einmo and E. N. Ryan were co-part-
ners engaged in the fishing business in Alaska. There
was an understanding between Mr. Kille and his co-
partners that he would furnish the necessary money
to carry on the business. In order to do this he bor-
rowed certain sums from the respondent Olsen, with
the understanding between the latter and the copart-
nership that all proceeds from the sale of partnership

[1]Reported in 231 Pac. 778.

fish would be paid to Olsen until his loan to Kille was discharged. The partnership also had an arrangement with Jorgen B. Jakobsen that, when the fish reached Seattle, he was to sell them and that all sales should be for cash—that is, no sales should be made on credit. He was also instructed to pay the proceeds to Mr. Olsen until advised to the contrary. About two hundred barrels of fish were shipped down to Mr. Jakobsen, who sold them to the Beacon Trading Company, but did not get the cash. Later he collected $2,000 and paid it to respondent. The balance of about $800 has never been paid by the Beacon Trading Company, which became insolvent and went into bankruptcy. After the transactions above mentioned, Mr. Jakobsen died and Edwin W. Kemoe was appointed executor of his estate. Thereafter the copartnership made a formal assignment to the respondent of the $814 still due on account of the fish and he instituted this suit against the executor to recover such balance. There was a judgment in his favor, and the executor has appealed.

The chief witness for the respondent was Mr. Einmo, one of the partners. He testified concerning this assignment and the agreement with Mr. Jakobsen, whereby the latter was to sell the fish only for cash. This was an important feature of respondent's case. Appellant here contends that his testimony was inadmissible under § 1211, Rem. Comp. Stat. [P. C. § 7722], which provides that no witness shall be excluded from giving evidence by reason of his interest in the action, "provided, however, that in an action or proceeding where the adverse party sues or defends as executor . . . then a party in interest or to the record shall not be admitted to testify in his own behalf as to any transaction had by him with or any statement made to him by any such deceased . . ." The

argument is that the testimony shows that the fishing copartnership, and particularly the witness Einmo, at the time of the trial, had an interest in the claim against the estate of the deceased. It may be conceded that, during the cross-examination, there was some testimony which might tend to indicate such a state of facts, but a reading of all the testimony and a consideration of all the circumstances thoroughly convinces us (as it did the trial court) that, at the time of the commencement of this suit and at the time of the trial, neither the copartnership nor Mr. Einmo had any interest in the sum sought to be recovered by this action. As a matter of fact, this very money had been orally assigned to respondent many months before the written assignment was executed, and before Mr. Jakobsen died.

Appellant contends, however, that where one has a claim against a deceased person and assigns it, even for a valuable consideration, and does not retain any interest therein, he still remains under the inhibition of the statute. We are of the contrary opinion. The witness was not in any sense "a party to the record" nor "a party in interest," nor did he "testify in his own behalf." He would not receive anything if respondent won his suit, nor would he lose anything if he lost it. This exact question has not been decided by this court. It is true that in *Gilmore v. Baker Co.,* 12 Wash. 468, 41 Pac. 124, the court had before it a case where the facts were somewhat similar to those involved here. There the court said:

"To hold otherwise would, for practical purposes, be to ignore the spirit of the statute, by permitting one, whom the law from consideration of public policy requires to remain silent as to any transaction had by him with a deceased person, to evade the statute and avoid the disability imposed by it and become an effective witness merely by assigning his interest in the

subject matter of the action, or by forming a corporation in which he might be the president and only stockholder, and thus by indirection accomplish that which the law prohibits to be done.''

It will be observed that there is no indication in this opinion that the assignment was for a valuable consideration and transferred all the interest of the witness.

The case of *Sackman v. Thomas,* 24 Wash. 660, 64 Pac. 819, indicates that the court was dissatisfied with the doctrine of the *Gilmore* case, if it holds that one who has by assignment conveyed all his interest in the matter in litigation may not be a witness as to conversations held with a deceased person whose estate is a party to the action.

In the case of *Shaw v. Lobe,* 58 Wash. 219, 108 Pac. 450, 29 L. R. A. (N. S.) 333, the plaintiff brought his action against the estate of a deceased person and it was based on an assignment from one Gilmer, who was called as a witness. The court does not discuss the matter further than to say that ''since Gilmer (the assignor) was a party in interest he was disqualified from testifying.'' It is conceded, however, by the appellant that the original files of that case show that, notwithstanding Gilmer had made an assignment of the account, he still had an interest therein; so that this case goes no farther than to hold that an assignor who still retains an interest in the thing assigned is within the statute.

The logic of a number of our other cases would seem to lead to the same conclusion we have here reached. In *Denny v. Schwabacher,* 54 Wash. 689, 104 Pac. 137, 132 Am. St. 1140, we held that a wife was competent to testify as to the relations between herself and her deceased husband as to property since conveyed by her, where she files a disclaimer of any interest.

In *Beaston v. Portland Trust & Sav. Bank,* 89 Wash. 627, 155 Pac. 162, Ann. Cas. 1917B 488, we held that the statute does not exclude evidence of a transaction had with a stockholder and officer, since deceased, of a corporation which was an adverse party.

In *Swingley v. Daniels,* 123 Wash. 409, 212 Pac. 729, we said:

"It is laid down by nearly all of the text books that the disqualifying interest must be a direct and immediate interest in the event of the action, and not an uncertain, remote and contingent interest. The relationship of the witness to the action must be such that he will either gain or lose by the direct legal operation and effect of the judgment and that a mere contingent interest is not sufficient."

The courts of other states are not in harmony on this question. The weight of authority and reason, however, is to the effect that one who has made a complete assignment of the account sued and retains no interest therein is a competent witness under the statute. 28 R. C. L. 504; 40 Cyc. 2292; *Clendennin v. Clancy,* 82 N. J. L. 418, 81 Atl. 750, 42 L. R. A. (N. S.) 315. A valuable note at the end of the last cited case gives many of the cases pro and con on this question.

We hold that where one had a claim of indebtedness against another, who subsequently dies, and he assigns it to another for a valuable consideration and retains no interest whatsoever therein, he is a competent witness to testify for the assignee in an action brought by the latter on the assigned claim against the estate of the deceased debtor.

It is contended that, in any event, the witness Einmo is indirectly interested in the result of the action, because if the respondent does not collect in this action the witness and the copartnership will be liable over to him on account of the original debt. This argument

might justly prohibit Kille from testifying but not the witness in question. It was Kille, and not the witness nor the copartnership, who was indebted to the respondent. It was not the agreement that the copartnership would repay Kille's indebtedness to the respondent, but merely that it would permit the proceeds of the sale of its fish to be paid to him until Kille's indebtedness to him was discharged.

Some objection is made concerning certain exhibits in the nature of letters written by the deceased to the company to whom he originally sold the fish. We think this testimony was properly received. But even if it should be conceded that it was error to receive it, the case was tried by the court without a jury and there was ample testimony without these exhibits to prove the respondents' case, the appellant not having introduced any testimony.

The judgment is affirmed.

MAIN, C. J., TOLMAN, PEMBERTON, and PARKER, JJ., concur.