I concur in the dissent by Grady, J., that on the merits the judgment should be affirmed.
Our opinions on the procedural question involved in the case at bar are not harmonious; hence, we should again enunciate a rule — at the same time expressly stating that all opinions contrary thereto are overruled — and endeavor to adhere thereto in the future. *Page 658 
Subject to the qualification applicable to appeals in equity cases, to which I will hereinafter refer, the rule observed by this court for forty-five years (1893 to 1938) was that, in the absence of a constitutional or jurisdictional question which, of course, this court may raise sua sponte, we are restricted, as an appellate court, to a consideration of only appellant's assignments of error and those questions raised by a cross-appellant. We also subscribed to the rule, which is of universal application, that an appellant will not be permitted to take advantage of an error which he himself committed or invited or induced the trial court to commit. The foregoing rules were breached by us, and all of our applicable prior opinions (hereinafter listed) sub silentio overruled October 20, 1938 (two months and twenty days subsequent to our adoption of Rules 5 and 9, Rules of Court, to which I shall later refer) by an eight to one En Banc opinion in Ethredge v. Diamond DrillContracting Co., 196 Wn. 483, 83 P.2d 364.
In the case cited, upon objection of appellant, the trial court rejected testimony offered by respondent. Respondent's offer of proof was rejected a second time upon appellant's objection. On appeal, we reversed the judgment solely on the ground that the trial court erred in rejecting respondent's offer of proof, despite the fact that any question as to the correctness of that ruling was not before us and there were no assignments of error entitling appellant to reversal of the judgment. In the dissenting opinion, of which the writer of this dissent is the author, it was observed:
"Clearly, the trial court did not err in rejecting respondent's offer of proof; however, any question as to the correctness of that ruling is not before us. There is no cross-appeal in the case at bar, hence we may review only the questions — no constitutional or jurisdictional question is presented — properly raised by appellant."
We held in the following cases that errors favorable to party complaining may not be urged by him as ground for reversal, and that an appellant will not be permitted to take advantage of an error which he invited or induced the trial *Page 659 
court to commit: Gilmore v. Baker Co., 12 Wn. 468,41 P. 124; North Yakima v. Scudder, 41 Wn. 15, 82 P. 1022;Jensen v. Sheard, 49 Wn. 593, 96 P. 2; Cranford v.O'Shea, 75 Wn. 33, 134 P. 486; Lantz v. Moeller, 76 Wn. 429,136 P. 687, 50 L.R.A. (N.S.) 68; Gardner v. Spalt,86 Wn. 146, 149 P. 647; Collins v. Ellensburg, 91 Wn. 232,157 P. 864; Sanger Lbr. Co. v. Western Lbr. Exchange,123 Wn. 418, 212 P. 580; Alstead v. Kapper, 135 Wn. 21,236 P. 799; and State v. Claypool, 135 Wn. 295, 237 P. 730.
We held in the following cases that we may not consider any questions except those presented by appellant's assignments of error or those raised by cross-appellant; that is, we are limited to those matters of which appellant complains, in the absence of a cross-appeal by respondent: Rockford Shoe Co. v. Jacob,6 Wn. 421, 33 P. 1057; Isaacs v. Barber, 10 Wn. 124,38 P. 871, 45 Am. St. 772, 30 L.R.A. 665; Glenn v. Hill,11 Wn. 541, 40 P. 141; Langert v. David, 14 Wn. 389,44 P. 875; Pepperall v. City Park Transit Co., 15 Wn. 176,45 P. 743, 46 P. 407; Tacoma v. Tacoma Light Water Co., 16 Wn. 288,47 P. 738; Sitton v. Dubois, 14 Wn. 624, 45 P. 303;Tacoma v. Tacoma Light Water Co., 17 Wn. 458, 50 P. 55;State ex rel. Ledger Pub. Co. v. Gloyd, 14 Wn. 5,44 P. 103; Whiting v. Doughton, 31 Wn. 327, 71 P. 1026; Sullivanv. Seattle Electric Co., 44 Wn. 53, 86 P. 786; Koschnitzkyv. Hammond Lbr. Co., 57 Wn. 320, 106 P. 900; Perolin Co. v.Young, 65 Wn. 300, 118 P. 1; Winningham v. Philbrick,56 Wn. 38, 105 P. 144; Burgess v. Peth, 79 Wn. 298,140 P. 351; Duffy v. Blake, 91 Wn. 140, 157 P. 480; Boothe v.Bassett, 82 Wn. 95, 143 P. 449; Bremerton v. BremertonWater Power Co., 88 Wn. 362, 153 P. 372; Simmons v.Northern Pac. R. Co., 88 Wn. 384, 153 P. 321, 155 P. 1039, Ann. Cas. 1918C, 1184; Shanstrom v. Case, 103 Wn. 672,175 P. 323; Brace v. Pederson, 106 Wn. 573, 180 P. 917;Klundt v. Bachtold, 110 Wn. 594, 188 P. 924; PioneerMining Ditch Co. v. Davidson, 111 Wn. 262, 190 P. 242;First M.E. Church v. Barr, 123 Wn. 425, 212 P. 546;Gruendler etc. Co. v. *Page 660 Preston Grain M. Co., 124 Wn. 479, 215 P. 60; Adams v.Local No. 400 of Cooks H.W. W., 124 Wn. 564, 215 P. 19;In re Levy's Estate, 125 Wn. 240, 215 P. 811; In re TenthAvenue Northeast, 125 Wn. 503, 217 P. 28; Sherwood v.Wise, 130 Wn. 331, 227 P. 323; and Rogers v. Savage,112 Wn. 246, 192 P. 13.
In Proff v. Maley, 14 Wn.2d 287, 128 P.2d 330 (decided July 20, 1942), we held that a respondent who takes no cross-appeal cannot be heard to claim a more favorable judgment in this court.
In Peddicord v. Lieser, 5 Wn.2d 190, 105 P.2d 5, we held that the giving of a notice of cross-appeal is jurisdictional; and, where the transcript on appeal does not disclose that a notice of cross-appeal was ever served or filed, the cross-appeal must be dismissed. We further held that, where the trial court grants a motion for new trial, unless the party adversely affected consents to the reduction or increase of a verdict, and such consent is given, and the opposing party subsequently appeals, the consent so given is not binding, and this court upon such appeal shall, without the necessity of a formal cross-appeal, review the action of the trial court in requiring such reduction or increase.
In Merager v. Turnbull, 2 Wn.2d 711, 99 P.2d 434, 127 A.L.R. 1142, we held that a ruling of the trial court that plaintiff, by reason of laches, was not entitled to damages for lost profits up to the time of trial, will not be reviewed on appeal of defendants, in the absence of a cross-appeal by plaintiff.
The custom (than which there is no higher law) coeval with right of appeal in equity precluded consideration of an appeal in an equity case unless all the evidence was properly before the reviewing tribunal. In equity cases, the hearing of which on appeal was de novo, respondent, without a cross-appeal or assignment of cross-errors, could save the judgment by showing that errors were committed against him in the trial court which, if corrected, would make the result in the trial court a correct one. That is, the question before this court in such cases is not whether the trial court arrived at a correct conclusion by an incorrect *Page 661 
process of reasoning, but whether, considering all theevidence, its decision was the proper one to be entered.
In Huntington v. Love, 56 Wn. 674, 106 P. 185, we held that, in an equity case triable de novo on appeal, the respondent, having taken exception to findings, is entitled, without having taken a cross-appeal, to have the erroneous findings reviewed and corrected, and the judgment affirmed if supported by the evidence or right on any ground, although based upon erroneous findings.
In Rohlinger v. Coletta Land Orchard Co., 64 Wn. 348,116 P. 1095, we held that, in an equity case, where no findings are made, a decision will be affirmed if correct under the evidence and the whole record upon any ground, although based upon an erroneous proposition of law; and the successful party need not appeal therefrom to secure a correction of the error on affirming the judgment.
In In re Ney's Estate, 183 Wn. 503, 48 P.2d 924, we held that proceedings for the probate of a will were of an equitable nature, therefore triable de novo on appeal; hence, we would examine the whole record and sustain the judgment if found proper on any ground, although the respondent did not take a cross-appeal from one of the findings adverse to him.
In State ex rel. Northeast Transp. Co. v. Superior Court,194 Wn. 262, 77 P.2d 1012, 82 P.2d 111 (decided April 4, 1938), we held that, as an appellate court, we could not pass upon questions in actions for equitable relief unless all of the evidence before the trial court was brought to this court by a statement of facts. Until promulgation August 1, 1938, of Rules 5 and 9, Rules of Court, in an endeavor to reform appellate procedure to the extent of giving a bill of exceptions a place in an equity case and thereby abrogate the distinction between law and equity, there was not — we frequently held — any necessity for a cross-appeal in an equity case.
Rules 5 and 9, Rules of Court, govern appeals and cross-appeals in civil causes, abolish the distinction between actions at law and cases in equity, permit the bringing to this court on appeal of so much of the evidence as bears upon *Page 662 
the question or questions sought to be reviewed by statement of facts or bill of exceptions, without bringing up the evidence bearing on rulings on which no error is assigned, and denies consideration of questions raised by respondent in an equity case or a law action in the absence of a cross-appeal.
Shall we observe the rule followed by this court from 1893 until August 1, 1938, when Rules 5 and 9, Rules of Court, were adopted? Shall we follow the old rule as modified by Rules 5 and 9, Rules of Court? Shall we follow Ethredge v. Diamond DrillContracting Co., 196 Wn. 483, 83 P.2d 364, which on October 20, 1938, overruled sub silentio all of our opinions, listed above, from 1893 to 1938 and also silently overruled Rules 5 and 9, Rules of Court?
The rule — with which I have never agreed — purportedly abrogating the distinction between law and equity, was overruled by Ethredge v. Diamond Drill Contracting Co., supra, which also overruled our prior decisions, which held that, in law actions, questions raised by respondent could not be considered in the absence of a cross-appeal. The case at bar is of equitable cognizance; therefore, respondent, despite the fact that he did not cross-appeal, is entitled to a review of the order of the superior court sustaining appellant's demurrer to respondent's plea of res adjudicata.
June 22, 1944. Petition for rehearing denied. *Page 663