[No. 18217.   Department One.   January 31, 1924.]

## SANGER LUMBER COMPANY, *Appellant,* v. WESTERN LUMBER EXCHANGE, *Respondent.*[1]

PRINCIPAL AND AGENT (24)—COMPENSATION OF AGENT—REIMBURSE-MENT OF ADVANCES AND EXPENSES.  An agent, making advances for his principal, has a right to reimburse himself from funds in his hands belonging to his principal.

APPEAL (495-2)—DECISION—MANDATE — MAKING OR COMPELLING RESTITUTION.   Rem. Comp. Stat., § 1742, providing for restitution of property taken under a judgment appealed from in case the judg-ment is reversed, entitles a party to restitution without conditions, so as to place the parties in *statu quo;* hence, where an agent in possession of property was entitled to apply the same to reimburse-ment for $16,000 of advances, and pending appeal from a judgment for $16,000, the property was sold, on reversal of the judgment and restitution under Id., § 1742, the agent is entitled to retain the proceeds to reimburse himself for his advances; and it is error to direct that they be paid into the registry of the court.

Cross-appeals from a judgment of the superior court for Spokane county, Lindsley, J., entered June 12, 1923, upon findings, in an action on contract, tried to the court.  Reversed on defendant's appeal.

*O. C. Moore,* for appellant.

*John A. Peacock* and *Davis, Heil & Davis,* for re-spondent.

MAIN, C. J.—This action is the aftermath of a de-cision of this court in *Sanger Lumber Co. v. Western Lumber Exchange,* 123 Wash. 418, 212 Pac. 580. Briefly stated, the facts were:  In November, 1919, the plaintiff and defendant (and by those appellations we will continue to call them, as both parties are ap-pealing here) entered into a written contract for the manufacture of lumber by the plaintiff and sale by the defendant.   The defendant was to make certain ad-

[1]Reported in 222 Pac. 609.

vances to the plaintiff to assist in the plaintiff's logging and sawmill operations. As interpreted in the prior decision, this contract was one creating the relationship of principal and agent between the plaintiff and the defendant, by which the defendant as agent was to sell the lumber manufactured by the plaintiff at a price to be agreed upon, and to retain $2 per thousand feet for its service in making the sale. The plaintiff claims that out of these sales, the defendant had no right to retain any amount other than its commission, but was compelled to account to the plaintiff for the entire sum received by it, less the commission, and relies upon a statement in the 123 Washington Report which it contends so interprets the contract. On the other hand, the defendant claims that the contract gave it the right to retain out of the amounts received by it from purchasers charges made on account of advancements, and calls attention to another paragraph in the same opinion to that effect. Whether the contract expressly allowed the defendant to deduct from the amount received from purchasers charges on account of its advancements to the plaintiff or was entirely silent on this subject is immaterial; for, in the absence of a provision to the contrary, the law is settled that, where an agent has made advancements for his principal, he has a right to reimburse himself for all such advancements from funds belonging to his principal which are in his hands. Mechem on Agency (1st ed.), § 652. So that we may take it as settled under the contract that the defendant had the right to retain any of the funds arising from the sales which were necessary to reimburse the defendant for advancements which it had made.

The case in 123 Washington was one against the defendant claiming that the contract had been breached,

and asking for damages; and to that action the defendant counter-claimed, setting up that there was a balance due to it from the plaintiff of $16,000 for advancements made under the contract, the advancements above referred to. Upon the trial of that case judgment was entered dismissing the plaintiff's cause of action and giving the defendant a judgment against the plaintiff for $16,500 on account of the advancements. The plaintiff appealed, and on February 3, 1923, this court affirmed the judgment in so far as it denied relief to the plaintiff, and reversed it in so far as it awarded any judgment to the defendant, holding that there had been no breach of the contract between the parties and saying:

". . . neither of the parties to this action has been at fault under the contract, and the result of that conclusion must be that the contract stands just as it would have stood had not this suit been brought, . . . This is one of those cases where the parties should be left in identically the same position as they would have been in had this litigation not occurred."

The plaintiff had furnished no supersedeas bond on that appeal, and after the judgment had been entered in the trial court, the defendant procured execution to be regularly issued on the judgment in its favor, directed to the sheriff of Whitman county, who, in pursuance of the execution, levied upon certain lumber situated at Tekoa which had been manufactured by the plaintiff and which lay piled along the railroad, and on February 23, 1922, held an execution sale, at which the defendant purchased the lumber. Immediately thereafter, the defendant procured buyers for the lumber which it had secured on the execution, and in May and June, 1922, sold all of the lumber at the highest price obtainable on the market.

After the remittitur had gone down, following the decision in 123 Wash., the plaintiff proceeded to secure a writ of restitution to have returned to it its property or the value thereof taken under execution, by virtue of § 1742, Rem. Comp. Stat. [P. C. § 7327], providing as follows:

"If by a decision of the supreme court the appellant becomes entitled to a restoration of any part of the money or property that was taken from him by means of the judgment or order appealed from, either the supreme court or the court below may direct an execution or writ of restitution to issue for the purpose of restoring to the appellant his property, or the value thereof. But property acquired by a purchaser in good faith, under a judgment subsequently reversed, shall not be affected by such reversal."

The hearing on the plaintiff's application resulted in the court making the following findings, conclusions and judgments:

## "FINDINGS.

"I.   That pursuant to the execution heretofore issued in this cause, at the instance of defendant, the sheriff of Whitman county offered for sale and sold at public auction at Tekoa, Washington, on the 23rd day of February, 1922, 603,000 feet of lumber of the plaintiff, Sanger Lumber Company, of the reasonable market value, at the time of said sale, of $15 per M, or a total of $9,045.

"II.   That at said public sale defendant, Western Lumber Exchange, a corporation, through and in the name of its agent, A. T. Allen, became the purchaser of said lumber, though it did not pay or cause to be paid anything whatever of value to said sheriff or to anyone else therefor.

"III.   That on the 3rd day of February, 1923, the judgment of this court in favor of defendant, Western Lumber Exchange, on which said execution was issued, was reversed, set aside and held for naught by the Supreme Court of the State of Washington.

"IV.   That defendant, Western Lumber Exchange, immediately following said sheriff's sale, took possession of said lumber and thereafter sold, removed and converted the proceeds thereof to its own use.

"V.   That no supersedeas bond was furnished by the said plaintiff on the said appeal.

"VI.   That at all times from the rendition of the judgment aforesaid from the superior court and at the time of the hearing of this proceeding, plaintiff was indebted to defendant in a sum in excess of $16,000 for advancements made under their contract heretofore mentioned.

"From the foregoing Facts the court draws the following

"CONCLUSIONS OF LAW

"I.   That defendant should be required by order of court to pay into the register of this court for the use and benefit of plaintiff, the said sum of $9,045, with interest thereon at the rate of 6% per annum from the 23rd day of February, 1922, together with plaintiff's costs and disbursements incurred in this proceeding and taxed by the Clerk at $............................

"II.   That said order should provide for the holding of said moneys by the Clerk of this court for the period of sixty days and for the repayment thereof at the end of that period to the defendant unless in the interval plaintiff shall have instituted legal proceedings against defendant for the full determination of all existing differences between plaintiff and defendant, growing out of the transaction on which this action is based, unless before the expiration of said sixty days period there should be presented to the clerk satisfactory proof that the plaintiff and defendant have otherwise adjusted and settled their differences out of court.

"[ORDER OR JUDGMENT]

"Pursuant to the findings of fact and conclusions of law this day made and entered in the above entitled cause, plaintiff's motion for an execution is hereby denied and defendant, Western Lumber Exchange, a corporation, is hereby

"ORDERED AND DIRECTED within fifteen days from the filing of this order, to pay into the register of this court, for the use and benefit of plaintiff, the sum of $9,045 with interest thereon at the rate of 6% per annum from the 23rd day of February, A. D. 1922 and the further sum of $........................, taxed by the clerk as costs expended by plaintiff in this proceeding. Said moneys shall, on the payment thereof, be held by the clerk until the final determination of such action as plaintiff, Sanger Lumber Company, a corporation, shall institute against defendant for the determination of existing differences existing between plaintiff and defendant growing out of the transaction on which this litigation is based, provided that if such action shall not be instituted within sixty days of the date hereof, the moneys shall be repaid to the defendant, Western Lumber Exchange, a corporation, . . ."

Neither party being satisfied with this judgment, both have appealed. The plaintiff says that the amount found by the trial court as being the value of the property taken is satisfactory, but that the trial court had no right to attach any conditions to the restoration of the property to the plaintiff; that, under § 1742, Rem. Comp. Stat. [P. C. § 7327], and under the provisions of the decision in 123 Washington, the parties were to be placed in the same position in which they were had no litigation been had; that the plaintiff was entitled to its property or the value thereof and cites authorities including *Singly v. Warren*, 18 Wash. 434, 51 Pac. 1066, 63 Am. St. 896; *Standard Furniture Co. v. Van Alstine*, 31 Wash. 499, 72 Pac. 119; *Horton v. State ex rel. Hayden*, 63 Neb. 34, 88 N. W. 146; 4 C. J. 1235; *Ex parte Walter*, 89 Ala. 237, 7 South. 400, 18 Am. St. 103; to the effect that a party in the plaintiff's situation must be returned to his property "wholly regardless of conditions looking to the final equities of the parties" and "irrespective of the merits of the controversy between the parties."

The defendant does not agree that the trial court determined the value of the property taken under the execution, and agrees with the plaintiff that the trial court was in error in ordering the funds, whatever they should be, placed in the registry of the court, and insists that the judgment should have been that the funds remain in the hands of the defendant. It denies that the situation is the one outlined by the plaintiff, and says that the true situation is not as simple as the plaintiff contends and that it is this: that, under the decision in 123 Washington, the court said that there had been no breach of the contract and that the relation of the parties was the same as though no litigation had taken place between them. In other words, that the defendant had the right to sell the plaintiff's products, receiving the agreed commission for such sales and the right to retain out of the proceeds of such sales sufficient amounts to compensate it for the advances it had made to the plaintiff, and that it was found in the original action that the advancements amounted to $16,000, and that independent of such findings the plaintiff had admitted advancements to that amount, or substantially so, and therefore that, although it took the property in February, 1922, by reason of an execution, the legal effect was, under the decision in 123 Washington, that it took the property in pursuance of the contract, and that when it sold it in May or June it sold it not as the owner but as the agent of the plaintiff under the contract, and there being no question but what it received the full market value at that time, it had a right to retain the proceeds and apply them to its advances. The contract was thus maintained in existence as this court decided it was and all the defendant's acts must have been taken to have been in compliance with the contract and not

in conflict with it, and therefore it is entitled to hold this money without any restrictions being placed upon it, and the court was in error in tying it up in its registry.

Something can be said in favor of the equity of the court's action, but it must be remembered that this is a strict statutory proceeding, and that equitable relief is not available; that either the plaintiff is entitled to the fund without any restrictions, or the defendant is entitled to that fund, equally free from conditions. It would seem that, under the peculiar circumstances of this case, the defendant is entitled to retain this money and that it is correct in its interpretation of the decision in 123 Washington, and that this court must hold that when it sold the lumber in May and June, 1922, it did so in pursuance of the contract, which the court found was still in existence and not as a part of the breach of that contract.

The question raised by the defendant as to the value of the property taken by it and sold raises a question of disputed fact which was before the trial court. From our examination we do not find that the evidence preponderates against the court's finding as to amount and we therefore sustain it.

The judgment is therefore reversed on the defendant's appeal, with directions that it be allowed to retain the proceeds of this sale which are found to amount to $9,045, the same to be applied upon the advancements which the defendant had made under this contract.

PARKER, MACKINTOSH, HOLCOMB, and TOLMAN, JJ., concur.