## SANGER LUMBER CO. v. WESTERN LUMBER EXCHANGE.

(Circuit Court of Appeals, Ninth Circuit. March 11, 1926.)

No. 4702.

1. Appeal and error ⊕=1208(7)—Money obtained under judgment afterwards reversed may be recovered by separate action or by summary proceeding.

Action at law will lie to recover money collected under judgment afterwards reversed, or party entitled to restitution may obtain it in summary proceeding in same suit or action.

2. Judgment ⊕=589(1)—Final judgment in either summary proceeding or separate action to recover money collected under judgment afterwards reversed is bar to new proceeding for same relief (Rem. Code Wash. 1915, § 1742).

Final judgment on merits in either a summary proceeding under Rem. Code Wash. 1915, § 1742, or in separate action to recover money obtained under judgment afterwards reversed, is bar to new proceeding for same relief.

3. Judgment ⊕=577(1)—Judgment in summary proceeding for restitution of property taken under judgment afterwards reversed held not a nullity, but bar to separate action for same relief (Rem. Code Wash. 1915, § 1742).

Where judgment for principal's breach of contract was reversed on ground that there was

no breach after property of principal had been sold under execution, *held*, on appeal from judgment of state court denying restitution in summary proceeding, under Rem. Code Wash. 1915, § 1742, judgment denying restitution on ground that agent, having funds of principal in its hands, was entitled to reimburse itself, was not so without the record and pleadings as to be a nullity, but was effective as bar to a subsequent action at law to obtain same relief.

**4. Judgment ⬤⇒828(1)—Judgment of state court in summary proceeding to compel restitution of money obtained under a judgment afterwards reversed held within court's jurisdiction, and not reviewable in separate action in federal court.**

Judgment of state court, within its jurisdiction, holding agent entitled to reimburse itself for advances out of principal's funds in its hands, though obtained under a judgment afterwards reversed, whether right or wrong, is not reviewable in federal court in separate action to compel restitution.

**5. Judgment ⬤⇒478, 946.**

Judgment in action on judgment obtained in another state does not fall with reversal of that judgment and cannot be collaterally attacked in suit to compel restitution of property obtained thereunder.

In Error to the District Court of the United States for the Northern Division of the Eastern District of Washington; J. Stanley Webster, Judge.

Action by the Sanger Lumber Company against the Western Lumber Exchange. To review judgment of dismissal after overruling of demurrer to affirmative defense, plaintiff brings error. Affirmed.

O. C. Moore, of Spokane, Wash., for plaintiff in error.

Arthur W. Davis and D. B. Heil, both of Spokane, Wash., for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. In November, 1919, the plaintiff and defendant herein entered into a written contract for the manufacture and sale of lumber; the plaintiff agreeing to manufacture and ship, and the defendant agreeing to sell the lumber for a commission of $2 per thousand, and to make certain advances to aid the plaintiff in its logging and manufacturing operations. Thereafter the plaintiff commenced an action against the defendant in the superior court of Spokane county, state of Washington, to recover damages for a breach of this contract. The defendant in that action, among other defenses, interposed a counterclaim for moneys advanced to the plaintiff under the contract. The trial court denied any relief to the plaintiff, but awarded judgment in favor

of the defendant on its counterclaim in approximately the sum of $16,000. An appeal from this judgment was prosecuted to the Supreme Court of the state, and the judgment was there affirmed in so far as it denied any relief to the plaintiff, but reversed as to the counterclaim; the court holding that the contract between the parties was one of agency and that there had been no breach thereof. Sanger Lumber Co. v. Western Lumber Exch., 212 P. 580, 123 Wash. 418. In the meantime the defendant had caused an execution to issue on the judgment of the superior court, and the sheriff sold personal property belonging to the plaintiff thereunder of the value of $11,646. The defendant in the action became the purchaser at the sale for the sum of $4,250, but nothing was paid by the purchaser on account of the purchase price, except to give the sheriff a receipt for the amount of the bid. After the reversal of the judgment the plaintiff in the action applied to the superior court for an execution or writ of restitution, under section 1742 of the Rem. 1915 Codes and Statutes of Washington, which provides as follows:

"If by a decision of the Supreme Court the appellant becomes entitled to a restoration of any part of the money or property that was taken from him by means of the judgment or order appealed from, either the Supreme Court or the court below may direct an execution or writ of restitution to issue for the purpose of restoring to the appellant his property, or the value thereof. But property acquired by a purchaser in good faith, under a judgment subsequently reversed, shall not be affected by such reversal."

The application for an execution or writ of restitution was refused, and in lieu thereof the court ordered and directed the defendant to pay into the registry of the court the sum of $9,045, with interest thereon at the rate of 6 per cent. per annum from February 23, 1922, the money so paid to be held by the clerk until the final determination of any such action as the plaintiff might institute against the defendant for the determination of the differences between them arising out of the contract upon which the litigation was based, and if no such action was commenced within 60 days the money so paid should be returned to the defendant. From this decision both parties appealed to the Supreme Court. The judgment was reversed on the appeal of the defendant, with directions to allow the defendant to retain the proceeds of the sale to be applied by it on the advances made under the contract. Sanger Lumber

Co. v. Western Lumber Exch., 222 P. 609, 128 Wash. 335.

Between the time of the entry of the original judgment in the superior court and the reversal by the Supreme Court, the defendant commenced an action on the judgment in a state court of Idaho and recovered a judgment thereon by default. Execution issued on the Idaho judgment and pursuant thereto the sheriff sold personal property belonging to the plaintiff of the value of $1,182.95. This property was also bid in by the defendant for the sum of $800, and nothing was paid on account thereof by the purchaser except to give a receipt as in the case of the former sale. The present action was then commenced in the court below to recover the value of the lumber sold under the two executions. The complaint contained two causes of action; the first based on the sale under the execution issued on the Washington judgment, and the second on the sale under the execution issued on the Idaho judgment.

One of the defenses interposed to the first cause of action was the judgment of the Washington court denying the application for execution or a writ of restitution and allowing the defendant to retain the proceeds of the sale to be applied on the advances made by it under the contract, and one of the defenses interposed to the second cause of action was the judgment of the Idaho court based on the judgment of the Washington court, and the execution sale thereunder. A demurrer to these two defenses was interposed by the plaintiff for want of sufficient facts. The demurrer was overruled, and the plaintiff refusing to plead further, judgment of dismissal was entered. That judgment is now before us for review on writ of error.

[1, 2] Where money has been collected on a judgment which is afterwards reversed, an action at law will lie to recover the money back, or the party entitled to restitution may obtain it in a summary proceeding in the same suit or action. 4 C. J. 1238. But a final judgment on the merits in one proceeding is a bar to another proceeding for the same relief. Counsel for the plaintiff in error seems to controvert the latter rule, but it is firmly established, both generally and in the state of Washington. "Where proceedings of a summary character afford the parties concerned an opportunity to be heard and to contest the issues raised, the decision is as conclusive as a judgment entered in a formal action." 34 C. J. 763. See, also, Chezum v. Claypool, 61 P. 157, 22 Wash. 498, 79 Am. St. Rep. 955; Wilson v. Seattle Dry Dock, etc., Co., 66 P. 384, 26 Wash. 297;

Peyton v. Peyton, 68 P. 757, 28 Wash. 278.

[3] Counsel further contends that the decision of the Supreme Court of the state denying the application for execution or a writ of restitution and allowing the defendant to retain the proceeds of the sale to be applied on the advances made by it under the contract, was so entirely without the record and pleadings and so utterly unwarranted in law that the judgment itself is a nullity. With this contention we are unable to agree. Had the fact of the sale on execution appeared in the record on the first appeal to the Supreme Court, it would have been entirely competent for the court on that appeal to have directed restitution on the record then before it without further pleadings or proofs (4 C. J. 1203), and the mere fact that the application for restitution came before the court on a second appeal in the same cause did not lessen its powers or limit the scope of the inquiry.

Again, the right to restitution is not an absolute one. "On the reversal of a judgment or decree, the law raises an obligation on the part of the party who has received benefits from its enforcement to restore those benefits to the adverse party, and the party who has lost money or property by reason of the enforcement of the judgment is entitled to be restored thereto, irrespective of the merits of the controversy between the parties, but subject to the discretion of the lower court. In a proper proceeding therefor, the lower court has power, as a matter of inherent right and in some states by virtue of express statutory authority, to order and compel restitution; but it will not exercise this power where there is another sufficient and available remedy, where the party in possession of the money or property in question is equitably entitled to retain it, or where the money has been paid otherwise than in pursuance of the judgment or decree which has been reversed." Id. 1235.

[4] As already appears, the Supreme Court of the state decided that the plaintiff in error was not entitled to the money which the court below had directed to be paid into its registry, and in so deciding that court acted within its jurisdiction, and its judgment, whether right or wrong, is not subject to review here.

[5] A slightly different question is presented by the sale under the Idaho judgment. Counsel for the plaintiff in error seems to assume that when the Washington judgment was reversed the Idaho judgment fell with it, but such is not the law. Deposit Bank v. Frankfort, 24 S. Ct. 154, 191 U. S. 499, 48 L.

Ed. 276; Parkhurst v. Berdell, 18 N. E. 123, 110 N. Y. 386, 6 Am. St. Rep. 384; State v. Tillotson, 117 P. 1030, 85 Kan. 577, Ann. Cas. 1913A, 464.

It follows from this that the sale under the Idaho judgment cannot be called in question in a collateral proceeding. The judgment must stand until vacated or set aside by the court in which it was rendered. The demurrer to the affirmative defense was properly overruled, and the judgment of the court below is therefore affirmed.