[Decided January 27, 1887.]

## ADA C. ANDREWS v. JULIUS ANDREWS AND JANE L. JAQUA.

1. HUSBAND AND WIFE — COMMUNITY PROPERTY — JUDGMENT AGAINST HUSBAND. — In a suit by a wife to vacate a judgment against her husband, and a sheriff's sale of community real estate thereunder, *held*, that while under section 2410, Code of Washington, she was entitled to an action to resist or vacate such sale, yet the burden was on her to prove that the judgment was not rendered on a community debt, and was not, therefore, a lien on the community real estate.

2. SAME — PLEADING — AMENDMENT. — In such a case, leave to file a supplemental complaint of the wife, alleging proceedings for divorce and a decree of divorce between herself and husband, during the pendency of the suit, and her purchase at a sheriff's sale thereunder of her husband's interest in the community real estate, was properly refused, as amounting to the substitution of a different cause of action.

APPEAL from the District Court holding terms at Olympia. Second District.

Action by appellant, Ada C. Andrews, against her husband, Julius Andrews, and his half-sister, Jane L. Jaqua, commenced April 8, 1884, to vacate a judgment by confession against said Julius Andrews in favor of said Jane L. Jaqua for $2,892.68, and costs, and to set aside a sale of real estate by the sheriff of Chehalis County, on February 24, 1884, upon an execution issued upon said judgment January 16, 1884. The plaintiff claimed

that the real estate sold by the sheriff was community property, and that her husband suffered the judgment and sale for the purpose of defrauding ·her of her interest in the community property, and that the alleged indebtedness, upon which judgment was confessed,. was a fictitious one. Defendants appeared and answered, admitting judgment and sale of the property, but claiming a part of the property sold to have been the separate property of the defendant Andrews, and that the debt upon which judgment was obtained was *bona fide,* and became due for moneys loaned to defendant Andrews by defendant Jaqua, and expended by him for the benefit of the community. After the cause was at issue the plaintiff obtained leave to file a supplemental complaint alleging her divorce from defendant Andrews, to which a demurrer was interposed and sustained. A reference was made and the referee's report was excepted to by both parties. Plaintiff then moved for leave to file a supplemental complaint showing her divorce from and judgment against the defendant Julius Andrews, and her purchase of her husband's interest in the community real estate at an execution sale under said judgment recovered December 22, 1884, for alimony and costs, and alleged to have been filed as a lien in the auditor's office on January 14, 1885, and three months before the judgment lien of defendant Jaqua attached. Leave was refused by the court, and judgment entered dismissing the complaint, and for costs against plaintiff, who appealed.

*Mr. C. W. Hartman,* for the Appellant.

The judgment of defendant Jaqua against defendant Andrews, obtained by confession, was irregular and voidable, because plaintiff's assent was not given as required by section 294 of the Code. The judgment being *prima facie* for a community debt, the wife was affected thereby, and her remedy for the irregularity was in equity. (Code, secs. 291, 293, 294; *McKee* v. *Angel,* 90 N. C. 62; *Marks*

v. *Reynolds*, 12 Abb. Pr. 403.) The judgment was illegal because founded upon the agreement and assent of the parties, without the knowledge and consent of the wife, and was intended by the parties to subject community property to lien and sale. (*Holyoke* v. *Jackson*, 3 Pac. Rep. 841; *Cardier* v. *Schloss*, 18 Cal. 576; *Edney* v. *Edney*, 81 N. C. 1; Bump on Fraudulent Conveyances, 3d ed., 455, note 4.) The judgment was fraudulent, because confessed by the husband with intent to defraud the wife of her interest in community lands and upon fictitious debts. (*Botts* v. *Cosine*, Hoff. Ch. 79; *Kempner* v. *Churchill*, 8 Wall. 362; Bump on Fraudulent Conveyances, 51; *Hubbard* v. *Allen*, 59 Ala. 283.) The court erred in sustaining demurrer to first supplemental complaint, and ought to have permitted the filing of the second one. (*Gibbon* v. *Doherty*, 10 Ohio St. 372; 1 Van Santvoord's Equity Practice, pp. 312–318; 1 Barbour's Chancery Practice, 362, 363.) Counsel cited also to the proposition that the wife had the right to attack conveyance of community property the following: · *Strawber* v. *Coe*, 15 Tex. 215; Freeman on Judgments, secs. 92, 99, 553.

*Mr. P. P. Carroll*, for the Appellee Julius Andrews, and *Messrs. Robinson, Porter, & Robinson*, for the Appellee Jane L. Jaqua.

No attempt having been made to charge defendant Jaqua as a party to the alleged fraud of Andrews in confessing judgment for the purposes stated, she cannot be affected thereby. (*Staven* v. *Kelly*, 88 N. Y. 421; *Howe Machine Co.* v. *Clayborne*, 6 Fed. Rep. 441; *Chase* v. *Walters*, 28 Iowa, 460; *Foster* v. *Hill*, 12 Pick. 89; *Mehlhop* v. *Pettibone*, 54 Wis. 562.) Plaintiff having failed to allege or prove that the debt of Andrews to Jaqua was not a community debt, she cannot recover. (Code, sec. 2407; *Smith* v. *Sherwin*, 11 Or. 269; *Rogers* v. *Newbury*, 105 · Mass. 533.) Fraud must be specially and specifically

alleged and clearly proven. (*Loeschigk* v. *Hatfield*, 51 N. Y. 660; *Schen* v. *Dwight*, 27 N. Y. 244; *Jones* v. *McLeod*, 103 Mass. 58.) The wife was not a necessary party to the action. (Code, sec. 2410; Platt on Property Rights of Married Women, sec. 35; *Jorgus* v. *Schule*, 61 Tex. 258.) Jaqua having subsequently asserted rights under the judgment by confession, her assert thereto sufficiently appears. (Freeman on Judgments, sec. 548; *Wilcoxon* v. *Burton*, 27 Cal. 228; Bump on Fraudulent Conveyances, 451, 457, 509.)

Mr. Chief Justice GREENE delivered the opinion of the court.

The judgment sought to be vacated by the suit from which this appeal arises was in form a personal judgment against the appellee Mr. Andrews. It was under our statutes valid and enforceable, and capable of being made a lien as against his individual property. It was also valid and enforceable, and a lien under it was capable of assertion as against community personal property of Mr. Andrews and his wife. (Code, sec. 2409.) If the judgment was one recovered for a community debt, the lien of it would extend to and cover community real estate likewise. (Code, sec. 2410.) But as to whether the lien of it touched community real property, the wife, having never had opportunity to be heard in the original action, had a right to be heard in some suitable form of action or proceeding, as soon as there was an attempt to subject community real estate to the satisfaction of it. Appellant's position that the judgment should be considered as *prima facie* for a community debt, we regard as correct; but when he goes on to contend that inasmuch as it was *prima facie* such, it was irregular and voidable because affecting the community real estate, and liable to be vacated in equity at the suit of the wife, we cannot follow him. He seems to call upon us to hold that no husband who with his wife possesses community

real estate can be subjected, against the objection of his wife or without her consent, to a personal judgment even for his personal debt.    But undoubtedly the law is that a husband's creditor can, regardless of the wife, pursue him to judgment, and take his property in execution, not excepting even the community personal property. And the law is clear, also, that the same judgment security for his debt, which the creditor has a right to compel, can by confession of judgment be voluntarily conceded.    So long as there is only a judgment or a judgment lien confessed or suffered by the husband alone, the community interest in real estate is not affected, unless, in fact, the debt upon which the judgment was given was a community debt.    The force and qualification of the lien of a judgment to which the husband only is a party, as affecting community real estate, is given in section 2410 of the Code, by way of proviso to the restriction on the power of the husband to alienate or encumber such property.    In the statute itself the wife and all the world have notice of the limitation of such a lien as regards such property.    Indeed, the judgment not being determinative of any issue as to the character of the property which is to be included in its lien, the husband himself would be at liberty to contest the extension of the lien over community real estate.    We see no way for a creditor to get a judgment lien conclusively operative upon such real estate, except as the result of an action or proceeding to which both husband and wife were parties, and in which the community character of the debt is admitted or in issue.    It may be that he could come into court in the first instance, alleging the community character of the debt, and obtain a judgment as for a community debt.

There is nothing in the decision of *Jackson* v. *Holyoke,* 3 Pac. Rep. 841, that militates against these views.    In that case, it was held that under a statute like ours a husband's agreement to sell community real estate was

void. This was held as a logical deduction from the restriction on the husband's powers contained in section 2410. We approve and affirm that decision. But it determined nothing as to the power of the husband to bind the community real estate by a judgment recovered against himself for a community debt.

We are of opinion that Mrs. Andrews was entitled to her day in court, not to attack the judgment confessed by her husband, but to resist or vacate the sale of community real estate under execution issued thereupon. But when she came into court for such a purpose, the burden was upon her to show that the character of the judgment debt was such as would not warrant the sale. In this respect, her complaint is defective, and the evidence appearing in the transcript is not such as to aid its infirmity. We think the district judge was right in refusing to allow the proposed supplemental complaint to be filed. That complaint, if introduced, would have effected a revolution in the issues to be determined, and would have amounted to a substitution of a new cause of action.

The judgment of the District Court must be affirmed, with costs.

TURNER, J., and LANGFORD, J., concurred.