[No. 2043.   Decided February 14, 1896.]

FANNIE E. BRYANT, *Appellant*, v. STETSON & POST MILL COMPANY *et al.*, *Respondents.*

EXECUTION SALE — ACTION BY WIFE TO REDEEM — SUFFICIENCY OF COM-
PLAINT — PRESUMPTION AS TO COMMUNITY DEBTS.

In an action by a redemptioner to set aside a sheriff's deed as having been made before the right of redemption had expired, the complaint does not state a cause of action when it nowhere alleges how long it was after the execution sale when the deed was made nor when there is any sufficient allegation as to any offer to redeem within the time provided by statute after the confirmation of sale.

The debt upon which a judgment is rendered is *prima facie* that of the community when the community has been in existence some years prior to the rendition of judgment.

The complaint in an action by a wife to set aside a sheriff's deed of community property, does not state a cause of action, when it contains no allegation showing that the indebtedness upon which judgment had been rendered was that of the husband alone and enforcible only against his separate estate.

Appeal from Superior Court, Whatcom County— Hon. JOHN R. WINN, Judge.   Affirmed.

*Fairchild & Rawson,* and *Stratton, Lewis & Gilman,* for appellant.

*Kerr & McCord,* and *John Wiley,* for respondents.

The opinion of the court was delivered by

HOYT, C. J.—The superior court sustained a demurrer to the complaint of appellant, and she electing to stand thereon, judgment of dismissal was rendered.

The appellant claims that the following allegations of fact were contained in the complaint: That the real property in controversy was community property; that it was sold on a judgment against W. J. Bryant, husband of appellant; that the sheriff's deed under this sale was made before the right of redemption had expired; that at the time of the sale said W. J. Bryant had property in King county sufficient to satisfy the judgment; that plaintiff was ignorant of the judgment and proceedings thereunder until too late to object thereto except in the way she is now objecting; and that she was ready and willing to pay the judgment and redeem the property if permitted so to do. Upon this claim was based her contention that the complaint stated a cause of action against the defendants.

It cannot be gathered from the complaint alone as to whether or not the sheriff's deed was prematurely made. The only fact stated in the complaint upon that subject is to the effect that the deed was made within six months after the confirmation of the sale. It is nowhere alleged how long after the sale itself; nor is there any sufficient allegation as to any offer to redeem within the time provided by statute after the confirmation of sale.

By the act of 1886 (Laws, 1885–6, p. 116), it was provided that the right to redeem shall date from the day of sale, and if it repealed the section upon the same subject in the code of 1881, so that the date of confirmation was no longer material in determining

the time in which property could be redeemed, there was no fact stated in the complaint tending to show that at the date the deed was made the time for redemption had not expired. And even if the section in the code of 1881 was in force, there were no facts alleged from which it sufficiently appeared that plaintiff had been deprived of her right to redeem the property.

There was no attempt to allege any other fact which tended to show that the proceedings in obtaining the judgment and making sale of the property in question under an execution issued thereon were not in all respects regular. Hence, if the judgment was such that the property in question was liable to be sold for its satisfaction, the title of the defendants thereunder was superior to any claim of the plaintiff.

It appeared from the complaint that the property, when sold, was that of the community composed of plaintiff and her husband. It follows that the defendants who hold under the sale have a good title if the claim upon which the judgment was rendered was one that could be enforced against the property of the community. It was alleged in the complaint that the community composed of plaintiff and her husband had been in existence from a date prior to 1884, and that the judgment upon which the property was sold was not rendered until 1891. Under the rule established by this court in *Oregon Improvement Co. v. Sagmeister*, 4 Wash. 710 (30 Pac. 1058), the debt upon which this judgment was rendered was *prima facie* that of the community, if incurred during its existence, and the fact that the community had been in existence for seven years or more before the rendition of the judgment raised at least a *prima facie* presumption that the debt upon which it was rendered was in-

curred while it existed.   Hence, facts were alleged in the complaint from which it could be inferred that the debt upon which the judgment was rendered was that of the community, and, if it was, it could be enforced against the community property. Such has been the holding of this court in numerous cases. See, *Andrews v. Andrews*, 3 Wash. T. 286 (14 Pac. 68); *Oregon Improvement Co. v. Sagmeister, supra; Calhoun v. Leary*, 6 Wash. 17 (32 Pac. 1070); *Curry v. Catlin*, 9 Wash. 495 (37 Pac. 678).

But it is not necessary for us to hold that facts were alleged in the complaint from which the community character of the indebtedness could be presumed. The property had been regularly sold upon an execution issued in an action in which it was not made to appear whether or not the indebtedness was that of the community;   Hence, the community character of the property being conceded, the proceedings under which it was sold might or might not have been sufficient to pass title.   This being so it was incumbent upon one who sought to set aside the title attempted to be conveyed under such proceedings to show by affirmative allegations that the facts were such that no title passed by virtue of the proceedings.   See, *Andrews v. Andrews, supra.*

In other words, under the circumstances disclosed by the complaint the plaintiff was entitled to no relief as to this property, unless the indebtedness upon which the judgment was rendered was that of the husband alone and not of the community; and it is familiar law that the facts necessary to show a cause of action must affirmatively appear from the complaint.   It must follow that the complaint of plaintiff, which contained no allegation as to the character of the indebtedness upon which the judgment was rendered, failed

to state a cause of action. She was only entitled to relief if in fact the indebtedness was such that it could only be enforced against the separate estate of the husband. Hence, her complaint would only state a cause of action when facts were alleged which showed that such was the nature of the indebtedness. It is not claimed that there was any allegation to that effect in the complaint. Hence, the superior court was right in holding that it did not state a cause of action.

The judgment will be affirmed.

DUNBAR, ANDERS, GORDON and SCOTT, JJ., concur.