## Henry Gottschalk et ·al., Appellees, v. William Gottschalk, Appellant.

### . Gen. No. 26,052.

1. CONTRIBUTION—*when verdict not conformable to evidence.* In an action upon an alleged promise by· defendant to pay his equal part of a certain indebtedness evidenced by a promissory note, the verdict was held to be excessive and not in conformity to any theory of the evidence.

2. CONTRIBUTION—*when right exists.* The right to contribution is one which accrues to one or more individuals who pay the debt to which all are bound, each one who pays having the right to recover from the others the amount which he has paid in excess of his share.

3. CONTRIBUTION—*what essential to create right.* A joint right to contribution can exist only when the parties have satisfied the debt jointly, as by their joint note or from a joint fund which they have provided for the purpose.

4. CONTRIBUTION—*when joint action by individuals will not lie.* Parties who individually make payment of a joint obligation cannot sue jointly for contribution from the other parties to the joint obligation.

Appeal from the Circuit Court of Cook county; the Hon. DAVID M. BROTHERS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1920. Reversed. Opinion filed October 4, 1921. *Certiorari* denied by Supreme Court (making opinion final).

TATGE & TATGE and ROBERT F. KOLB, for appellant.

· FRANCIS E. HINCKLEY and BERNARD BARNARD, for appellees.

MR. JUSTICE MORRILL delivered the opinion of the court.

This case is based upon the alleged promise of the appellant, who was defendant in the court below, to pay his "equal part" of the indebtedness evidenced by

a certain note hereinafter described. The declaration alleges that the defendant promised the plaintiffs Henry Gottschalk and Henry Elbers, together with Nicholas Fortmiller, now deceased, whose executor and executrix are two of the plaintiffs, Otto Stogentin, Henry Badenius, C. F. Kirgis and Henry Dettmering, that if they would procure to be issued to appellant sixty-two shares of the capital stock in the Home Brewery of Chicago Heights, the defendant, in consideration thereof, would join with the seven persons above named in assuming said indebtedness. The note in question is for the sum of $42,000, dated August 22, 1912, payable ninety days after date, to the order of the Chicago City Bank and Trust Company, with interest at 7 per cent and was signed by said Nicholas Fortmiller and the six others above named.

The affidavit of claim attached to the declaration states that there is due to the plaintiffs the sum of $5,810.49. The bill of particulars filed with the declaration consists of an itemized statement of the indebtedness commencing on June 13, 1913, with the principal amount due fixed at $39,000, it being admitted that $3,000 had been paid prior thereto, and shows sundry charges for interest and credits for payment resulting in a net indebtedness on March 22, 1915, of $46,483.93. It is sought to charge appellant with one-eighth of this sum amounting to $5,810.49. The jury returned a verdict for plaintiffs and against defendant for $7,190.48, on which judgment was entered, and an appeal therefrom taken to this court.

It is claimed on behalf of appellant that the judgment is excessive. This claim seems to be substantiated by the record. The bill of particulars above mentioned shows that on June 13, 1913, $3,000 had been paid upon the principal debt, leaving a balance of $39,000, and the amount alleged to be due at the time of bringing suit as shown by the plaintiffs' affidavit of claim and by the bill of particulars is $5,810.49, with

interest at 5 per cent per annum from March 22, 1915. The verdict of the jury does not conform to this claim.

It further appears from the evidence that some time prior to March 22, 1915, sundry payments had been made upon the principal amounting in the aggregate to $9,000, leaving a balance due of $30,000. The evidence contained in the record as to the method of making these payments, by whom they were made and the date thereof is very uncertain and contradictory. The principal witness for the plaintiffs was unable to state just when and by whom these payments were made. There is certainly no evidence in the record tending to show that the plaintiffs in the case are entitled to any contribution from the appellant for any part of the sum of $12,000, being the amount of the payments made on the note prior to March 22, 1915. The verdict does not conform to any theory of the evidence.

It also appears from the bill of particulars and from the evidence in the case that the plaintiffs Henry Gottschalk, Henry Elbers and Nicholas Fortmiller, whose executor and executrix were also plaintiffs, each paid to the bank the sum of $10,000, the payment of Henry Gottschalk being made in cash on March 2, 1915, and the payments of Elbers and Fortmiller being made on March 22, 1915, by their respective notes for $10,000 each, and thereupon the original note was canceled.

The present suit is brought to compel a contribution on the part of William Gottschalk for his share of the said indebtedness paid by the plaintiffs. The testimony as to the making of the promise to contribute by the defendant is of a very hazy character. It consists entirely of the testimony of one Frank C. Rathje, who seems to have been, up to the date of the trial of the case, the attorney for the bank and the attorney for the plaintiffs and the attorney for the Home Brewery, hereinafter mentioned. While it is true that he properly withdrew as attorney of record in the case before

testifying, yet it is urged that his testimony should be carefully scrutinized and little weight given to it.

There seems to be no evidence whatever that the plaintiffs in the case or their associates "ever procured to be issued" to the defendant sixty-two shares of stock in the Home Brewery of Chicago Heights, which is alleged to have been the consideration for his promise. The proceeds of the original note of $42,000 were used in paying the debts and purchasing the assets of a defunct corporation known as the Chicago Heights Brewing Company. These assets after their purchase from the trustee in bankruptcy were conveyed to the Home Brewery Company in payment for its capital stock. William Gottschalk, the appellant, seems to have subscribed for sixty-two shares of the capital stock of the Home Brewery and to have paid $6,200 therefor. He denies ever having promised to pay any part of the note of $42,000 and is not shown to have signed any written evidence of such promise.

It is also contended by appellant that he was prejudiced by sundry utterances of the judge upon the trial of the case and that several instructions given by the trial judge were erroneous. While we are of the opinion that the verdict was excessive and that some of the instructions of the court were erroneous, we do not deem it necessary to discuss in detail either those features of the case or the alleged prejudicial remarks of the trial judge or the weight to be given the testimony of Mr. Rathje.

The suit is brought to compel a contribution on the part of the defendant. The right of contribution is one which accrues to one or more individuals who pay the debt to which all are bound. Each one who pays has the right to recover from the others the amount which he has paid in excess of his own proportionate part; the recovery is due to him alone. The act of paying is individual and the right to a contribution is individual. The right rests upon an implied contract

to repay, which arises from the relations of the parties. This implied contract is several and not joint. Appellees are basing their action upon a joint right of recovery. Such a joint right can exist only in a case where they have satisfied the debt jointly, as by their joint note or from a joint fund which they have provided for the purpose. In such a case they may sue jointly, but if each one has individually paid his proportion of the amount, the right of recovery is several and must be enforced by several suits. 7 Amer. & Eng. Encyc. of Law (2nd Ed.) 352, citing authorities.

The rule is stated in 6 Ruling Case Law 1061, where it is said that "where several sureties pay the debt and there is no evidence of a partnership or joint interest or of payment from a joint fund, the presumption of law is that each paid his proportion and a joint action cannot be maintained."

It seems apparent from the record in the case that plaintiff Henry Gottschalk individually paid $10,000 on the indebtedness on March 2, 1915, and that Henry Elbers, individually, and Nicholas Fortmiller, individually, each gave a note for $10,000 on March 19, 1915, for the same purpose. In view of these facts, no joint right of recovery was vested in plaintiffs.

The judgment of the circuit court is reversed.

*Reversed.*

GRIDLEY, P. J., and BARNES, J., concur.