[No. 21089. Department One. August 30, 1928.]

A. H. GOULD, *Respondent*, v. CHARLES W. CULVER,
*Defendant*, JESSIE M. CULVER, *Appellant*.[1]

[1] HUSBAND AND WIFE (82)—COMMUNITY PROPERTY—DEBTS CON-
TRACTED BY HUSBAND — BILLS AND NOTES — PRESUMPTIONS—EVI-
DENCE. The presumption that a note given by a married man
for money loaned to him was for a community debt, is not over-
come by proof that the money was sent to his sick brother before
his death, as had been done before, where there was no proof
that it was a gift, or that he did not have a claim therefor
against his brother's estate, and where it appears that the
brother had sent him deeds to property after the receipt of
money and that such deeds were not gifts from his brother.

Appeal from a judgment of the superior court for
Grant county, Jeffries, J., entered September 13, 1927,
upon findings in favor of the plaintiff, in an action on
contract, tried to the court. Affirmed.

*J. Grattan O'Bryan,* for appellant.

*Palmer, Askren & Brethorst,* for respondent.

MITCHELL, J.—This action was brought by A. H.
Gould against Charles W. Culver to recover judgment
on a promissory note and to foreclose a real estate
mortgage given to secure the payment of the note, the
note and mortgage having been signed by Charles W.
Culver only. An order of default was entered against
the defendant. Before trial and judgment, Jessie M.
Culver intervened and became a party defendant al-
leging that she was the wife of Charles W. Culver,
that the note sued on was for money borrowed by her
husband for the purpose, and was in fact used by him
as a loan to his brother who was ill in Duluth, Min-
nesota, and that the note did not constitute a com-
munity debt. She further alleged that the real prop-
erty described in the mortgage was the community

[1]Reported in 270 Pac. 93.

property of herself and husband and claimed that the mortgage was void because she did not join her husband in the execution of it.

Upon the trial of the case, the court found and adjudged that the mortgage was void because the wife did not join in making it, the real property being community property. The court found and entered judgment to the effect that the note was a community obligation, from which Mrs. Culver has appealed.

The record is short and clear. Charles W. Culver had a brother who, for some time, had been sick in Duluth, Minnesota. With the knowledge and consent of Mrs. Culver, her husband had on several occasions sent money to his sick brother. Money obtained by Mr. Culver for which the note in suit was given was also sent to the brother in Duluth. It appears, however, that she did not know of this last transaction and of the sending of this money to the brother until the present suit was instituted.

The appellant makes no assignment of error, but argues the case generally. The argument on her behalf is that the note was for money procured by her husband for a gift to his brother and that it in no way benefited the community. But the record does not sustain that contention. Formal findings of fact and conclusions of law were made and entered by the trial judge, to which certain exceptions were taken covering the point involved on the appeal. Under the practice in such cases, the trial here is de novo, and we are required and have examined the testimony. There is no dispute in the testimony on the point involved, all of which was given without objection.

[1] There was no testimony that this money was given or intended as a gift to the brother. The evidence in this respect shows that Charles W. Culver sent the money to his brother, as he had done on prior

occasions. At the date of the trial, the brother had
died, and there is no testimony that he was insolvent
at the time this money was furnished to him by his
brother, or at any other time; nor was there any testi-
mony that the brother had not settled for the money
furnished, or that his estate was not obligated to repay
it. On the contrary, the evidence negatives the idea of
a gift, although the burden was upon the appellant to
show that the obligation was not a community debt.
Charles W. Culver, called as a witness on behalf of his
wife, testified:

"Q. Have you any real estate in Minnesota? A. I
have an interest in my brother's estate. Q. But you
have no lots there? A. I have five or six lots. Q.
Where? A. In Duluth, Minnesota. Q. When did you
purchase those lots in Duluth? A. Those were sent
to me by my brother. He sent them to me at different
times as I would send him money. Q. You mean he
sent you the deeds to those lots? A. Yes, he sent me the
deeds. Q. When did you purchase them? A. I can-
not tell you when they were purchased. Q. Were those
gifts by him to you? A. No, sir. Q. Have you any
idea what years? A. No, I cannot recall now. I sent
my brother quite a little money from time to time, and
he sent me deeds to these lots at different times, I do
not remember when. Q. Were they in recent years?
A. In the past four or five years, I should judge. Q.
Before his death? A. Yes, before he died."

There was no contradiction or modification of this
testimony; and while it does not, in so many words,
affirmatively appear that the amount furnished this
last time is not accounted for by the deeds of convey-
ance from the brother, certainly such course of dealing
as that referred to, even between brothers, indicates
value for value and instead of overcoming the pre-
sumption of the community character of the obligation
represented by the note sued on, it is entirely con-
sistent with and strengthens that presumption. The

fact that the money for which the husband's note was given, which money presumptively became community funds, was by the husband alone changed in form to a deed of conveyance to him of lands in Minnesota, or an obligation to repay on the part of the one to whom the husband furnished that money, does not alter the character of the note as a community debt.

Affirmed.

FULLERTON, C. J., TOLMAN, PARKER, and FRENCH, JJ., concur.