[No. 23476. Department Two. July 14, 1932.]

LETITIA A. JACOBS, *Respondent*, v. SAM BURKE *et al.*, *Appellants*.[1]

[1]Reported in 13 P. (2d) 30.

*William H. Pemberton* and *Roy D. Robinson,* for appellants.

*Albert H. Solomon* and *Ralph Booth McAbee,* for respondent.

*W. C. Hinman,* for Realty Sales Corporation.

MAIN, J.—This action was brought to recover damages for fraud resulting from a real estate transaction. The cause was tried to the court and a jury, and resulted in a verdict in favor of the plaintiff in the sum of $2,500. The defendants moved for judgment notwithstanding the verdict, and, in the alternative, for a new trial. The motion for judgment notwithstanding the verdict was overruled, and the motion for new trial was denied, conditioned upon the plaintiff accepting a judgment for $2,400, which she did. Judgment was entered for this amount, from which the defendants Sam Burke and Ellen Burke, his wife, alone appeal.

The facts essential to be stated are these: The appellant Sam Burke, who will be referred to as though he were the only party on that side of the controversy in this court, was a real estate broker in Seattle. William Halloran & Company was a corporation engaged in the real estate business in the same city, and to that corporation the Realty Sales Corporation is the successor. Burke transacted his business in the office of the corporation.

The respondent, Letitia A. Jacobs, owned six lots or tracts of land on Vashon Island, in King county. T. W. Sageman and wife had previously owned a tract of orchard land in Douglas county, which was subject to a mortgage. Prior to the transaction out of which this litigation arose, the mortgage had been foreclosed and a certificate of purchase had been issued to the mortgagee, the Fruit Product Company, a corporation, of

which, it is said, one George Loudenback owned all the capital stock. Before the period of redemption had expired, Mr. and Mrs. Sageman had given to the Fruit Product Company a quit-claim deed.

Sometime during the late summer or early fall of 1927, B. J. Jacobs, the husband of the respondent, listed the six lots above mentioned with the appellant for the purpose of exchange or trade. Sometime after the listing, through the agency of the appellant, the respondent received a deed from Mr. and Mrs. Sageman, which was dated August 10, 1927, to the orchard tract in Douglas county, and she and her husband executed two deeds to the lots on Vashon island, one of which covered the two lots and in which there was a named grantee; the other covered four lots and the name of the grantee was left blank, which was subsequently filled in, and it appears that the person named therein as grantee held the title for the appellant.

The respondent did not learn that Mr. and Mrs. Sageman did not have title to the orchard tract until sometime in the early fall of 1929. During that year, an action had been brought by the Fruit Product Company to quiet title to the tract, and in that action a decree quieting the title was entered. Soon after the respondent learned that Mr. and Mrs. Sageman did not own the orchard tract, the present action was begun by her against the appellant, the agent, charging fraud. Subsequent to the consummation of the exchange of deeds and prior to the trial, Mr. Jacobs had died.

Upon the trial, over objection, the findings of fact, conclusions of law and decree quieting title, above mentioned, were introduced in evidence. The appellant contends that this was error, because neither he nor the Realty Sales Corporation was a party to that action. Even though it be assumed that the findings of fact, conclusions of law and decree were not prop-

erly admissible, there was nevertheless no prejudicial error, because it appeared definitely from the other testimony in the case that at the time Mr. and Mrs. Sageman did not own the property, but that it was owned by the Fruit Product Company.

It is next contended that the court did not submit to the jury the correct measure of damages. The appellant, in this connection, relied upon that line of cases holding that, where property is sold and the purchaser subsequently brings an action charging fraudulent representations against the seller, the measure of damages is the difference between the actual value of the property transferred at the time of the sale and what its value would have been if it had been as represented. *West v. Carter,* 54 Wash. 236, 103 Pac. 21; *Bunck v. McAulay,* 84 Wash. 473, 147 Pac. 33; *Edwards v. Powell,* 121 Wash. 598, 210 Pac. 7, 212 Pac. 163.

But that rule has no application where the action, as in the present case, is brought by the principal charging an agent with fraudulent conduct. In such a case, the rule is that the principal may recover the actual damages sustained by reason of the agent's dereliction. *Scribner v. Palmer,* 81 Wash. 470, 142 Pac. 1166; *Nelson v. Smith,* 140 Wash. 293, 248 Pac. 798. The present case, being one by the principal against the agent, falls within the rule last stated, and this is the theory upon upon which the trial court submitted the case to the jury. There was no error in this regard.

It is next contended that the motion for judgment notwithstanding the verdict should have been granted, because it is claimed that the evidence was not sufficient to enable the jury to find that the appellant had misrepresented the condition of the title to the orchard tract in Douglas county. Neither the respondent nor her husband visited this tract prior to the consummation of the deal, and knew nothing about either

the property or the title thereto, except the information given by the appellant.

The appellant says that Loudenback, after he received the quit claim deed from Mr. and Mrs. Sageman to the orchard tract, gave them a letter in which it was stated that he would reconvey the property to them on or about February 1, 1928, when the period of redemption would expire. The appellant also says that this letter was called to the attention of Mr. Jacobs, and that, when the deed covering the orchard tract was delivered, the letter was attached thereto or delivered along with the deed.

On behalf of the respondent, there was evidence from which, if believed by the jury, they had a right to find that neither the respondent nor her husband had any knowledge of the letter, and also that the appellant had represented that Mr. and Mrs. Sageman were the owners of the property. It must be remembered that the appellant, as agent for the respondent, was acting in a fiduciary capacity, and was required to exercise the utmost good faith. The property being located in a distant part of the state from where the transaction was consummated, the respondent and her husband were not required to make an independent investigation, but had a right to rely upon the representations of the appellant. The evidence offered to prove fraud met the requirements of the rule in such cases and was sufficient to sustain the verdict of the jury.

The Realty Sales Corporation has appeared in this court by separate brief and counsel, and makes the further contention that there was no competent evidence of the market value of the Vashon island lots sufficient to take that question to the jury. The first answer to this is that, even though the testimony of the witnesses as to the value, other than that of the respondent, be disregarded, which, we think, it should

not be, there was still sufficient evidence as to value to sustain the verdict. The respondent testified unequivocally that she and her husband had lived on the property for forty years, and she placed the value of the six lots described "in the complaint at $400 per lot."

In addition to this, as above indicated, the Realty Sales Corporation, so far as the record before us shows, gave no notice of appeal from the judgment, and consequently is not in a position to question it or to urge any error inhering therein.

The judgment will be affirmed.

TOLMAN, C. J., MILLARD, HOLCOMB, and BEALS, JJ., concur.

