[No. 24032. *En Banc.* March 6, 1933.]

OLYMPIA BUILDING & LOAN ASSOCIATION, *Appellant,* v.
EARLE M. McCROSKEY *et al., Respondents.*[1]

*Frank C. Owings,* for appellant.
*Yantis & Brodie,* for respondents.

MITCHELL, J.—This action was brought by the Olympia Building and Loan Association against Earle M. McCroskey and his wife to recover judgment on an interest-bearing promissory note in the sum of one thousand dollars, dated August 28, 1925, maturing five years after date, signed and delivered by Earle M. McCroskey and payable to the Olympia National Bank, and by the bank endorsed, "without recourse pay to the order of the Olympia Building & Loan Association," and delivered by the Olympia National Bank. The suit was brought also to foreclose the lien of a pledge of a bond of the Olympia Golf & Country Club in the sum of one thousand dollars, furnished by the maker of the note as collateral to the note.

[1]Reported in 19 P. (2d) 671.

The defendants, by their answer, alleged that the note was signed by Earle M. McCroskey as an accommodation maker only, and alleged that neither of the defendants nor the community of husband and wife received any benefit on account of the note. The trial, without a jury, resulted in findings from which the trial court concluded and entered judgment in the amount sued for against Earle M. McCroskey, separately and individually, and foreclosing the lien of the pledge of the bond of the Olympia Golf & Country Club, and also for a deficiency judgment, if any. The judgment further provided that the action be dismissed as to the community consisting of Mr. and Mrs. McCroskey. The plaintiff has appealed from the last provision of the judgment.

The clear preponderance of the evidence shows that the transaction occurred, as an officer of appellant testified, as follows:

"Q. And how did the Association acquire this note? A. After negotiations with some of the members of the Golf Club, we refused to buy any of the bonds and we made them a counter proposition that if they could get thirteen responsible citizens, responsible financially, that we would loan each one of them on their notes the amount for a specified time to purchase these bonds, and that we would hold the bonds as collateral security."

That plan was followed. Mr. McCroskey and twelve others gave their several notes in the purchase of bonds. The papers were drawn at the Olympia National Bank, and, as a matter of convenience, the bank's collateral form notes were used, which note in each case was at once, and as a part of the transaction, endorsed, as before stated, by the Olympia National Bank, the nominal payee in the note, and turned over to the appellant, to whom bonds in the amount provided for, as property of the makers of the notes, were

delivered as collateral to the notes, and, according to the understanding of the parties, the appellant made and delivered to the Golf & Country Club one check to cover all thirteen notes.

The note in this case was signed by Mr. McCroskey only. It and the bond furnished as collateral bear the same rate of interest, payable semi-annually. The date of the maturity of the note is about ten years earlier than the maturity of the bond. The appellant collected interest on the bond as it fell due, and gave credit on the note down to January 15, 1931. Thereafter, being unable to collect interest on the bond or the note, this action was commenced in the latter part of January, 1932. As if to make the real transaction entirely clear, it is provided in the note as follows:

" . . . as collateral security for such payment the undersigned hereby assign, transfer and deposit with said bank $1000 bond Olympia Golf & Country Club No. M23 due July 15, 1940."

The bond was an obligation of a going concern. It was a thing of value, money having been paid on it by the Olympia Golf & Country Club until shortly before this action was brought. The bond was purchased by the respondents and paid for by money obtained by Mr. McCroskey's note, the note sued on in this action. When the bond was acquired, it became community property, of course, and the note given by the husband to provide means to pay for the bond became a community obligation. A clear preponderance of the evidence is to that effect. The legal presumption also is that the note created a community debt. *Bryant v. Stetson & Post Mill Co.*, 13 Wash. 692, 43 Pac. 931, and cases cited.

Reversed and remanded, with directions to the superior court to enter additional judgment in the amount sued for, including interest and costs, as a community

judgment against Earle M. McCroskey and Dorothy M. McCroskey, his wife.

BEALS, C. J., MILLARD, PARKER, MAIN, TOLMAN, STEINERT, and BLAKE, JJ., concur.

HOLCOMB, J. (dissenting)—I dissent. The so-called bond was never an asset, but nothing but a liability. The debt represented by the note and bond was not a liability of the community, but a separate liability solely of the husband.