[No. 28635.   Department Two.   July 20, 1942.]

PETER PROFF, *Appellant,* v. JOSEPH MALEY, *as Guardian, et al., Respondents.*[1]

[1]Reported in 128 P. (2d) 330.

288

*Verne Towne,* for appellant.

*H. J. Welty,* for respondents.

BLAKE, J.—This is an action for contribution. Proff, William Maley, and two others, T. F. Donahoe and M. W. Merritt, were stockholders in the Rosalia Supply Company. In 1920, the company had become so financially involved that it could not raise money on its own credit. On November 6th, that year, Proff, Maley, Donahoe, and Merritt executed two promissory notes— one for $1,628.04, the other for $5,068.95—payable to Whitman County National Bank, which immediately endorsed them over to A. J. Stone. The proceeds of these notes were devoted to the use and benefit of the Rosalia Supply Company. Later on, the four men individually executed promissory notes, the combined amount of which was eleven thousand dollars. The proceeds from these individual notes were also de-

voted to the use and benefit of Rosalia Supply Company.

May 28, 1931, Proff paid $3,670.58 on the principal of the $5,068.95 joint note. In 1933, A. J. Stone having died, the testamentary trustees of his estate brought an action to recover the balance due on that note and also to recover principal and interest of the $1,628.04 joint note. Donahoe died prior to the commencement of that action, so the administrator and administratrix of his estate were made parties defendant, together with Proff and Maley, their wives, and Merritt. The suit was settled for $4,640—Proff, Merritt, and the Donahoe estate contributing in amounts agreed upon among themselves. Maley was not served with summons in the action, nor did he participate in the settlement.

In 1939, Proff instituted this action for contribution. His complaint was predicated on the theory that he was entitled to recover on the basis of the combined amount paid on the individual and joint notes, the proceeds of which were devoted for the use and benefit of Rosalia Supply Company.

The defendants pleaded the statute of limitations. The trial court entered judgment for $480 in favor of plaintiff and against Maley, but not against the community. In computing the amount of Maley's liability for contribution, the court considered only the amount of $4,640, paid by plaintiff, Merritt, and the Donahoe estate in settlement of the Stone suit on the joint note. Plaintiff appeals.

Before taking up appellant's contentions, it should be noted that respondents take the position that all claims for contribution are barred by the statute of limitations. Their position in this respect is untenable, because they took no cross-appeal. They, therefore, cannot be heard to claim a more favorable judgment in this court. *Glenn v. Hill*, 11 Wash. 541, 40

Pac. 141; *Augerson v. Seattle Electric Co.,* 73 Wash. 529, 132 Pac. 222; *Boothe v. Bassett,* 82 Wash. 95, 143 Pac. 449; *Jacobs v. Burke,* 168 Wash. 644, 13 P. (2d) 30.

Appellant contends: (1) That he is entitled to contribution on the basis of the total amount paid on the individual notes and the joint notes; (2) that, in any event, computing Maley's liability for contribution on the basis of what was paid on the joint notes only, he is entitled to recover a much larger sum than $480; and (3) that he is entitled to have judgment run against the Maley community.

■ *First.* In *Peterson v. Nichols,* 71 Wash. 656, 129 Pac. 373, this court quoted with approval the following from *Hoxie v. Farmers & Mechanics Nat. Bank,* 20 Tex. Civ. App. 462, 465, 49 S. W. 637: " 'The right to contribution arises from [upon] the payment of more than one's share of a common liability, and rests upon an implied promise not declared on or made an issue in the suit of the creditor against the common debtors.' " And then this court, p. 658, said: "The party from whom contribution is demanded must have been under a legal obligation to pay at the time the payment was made by those who demand the contribution."

Now, Maley was under no legal obligation to pay the individual notes of Proff, Merritt, and Donahoe. There is evidence tending to show that the three last named entered into some sort of an agreement, or had some sort of an understanding, that the individual notes were to be included as a basis for establishing their liability as among themselves. But there is no evidence tying Maley into any such agreement or understanding. On the contrary, it is fair to infer from Proff's own testimony that Maley refused to countenance any such arrangement.

The trial court quite properly refused to take the individual notes into consideration in computing the amount of Maley's liability for contribution. ·

■■ *Second.* Appellant concedes that the statute of limitations bars recovery on the payment of $3,670.58, made by him May 28, 1931, on the $5,068.95 note. So this leaves only the $4,640 paid by Proff, Merritt, and the administrator and administratrix of Donahoe's estate in settlement of the suit on that and the $1,628.04 note as a basis for apportioning contribution. Under the arrangement these three had among themselves, Merritt paid $2,000, Donahoe's estate paid $1,000, and Proff paid $1,640.

Now, assuming that the four makers of the notes were solvent, the liability for contribution of each amounted to $1,160. Had they all been joined in one action for contribution, that would have been the amount each would have been required to pay. *Appleford v. Snake River Mining Etc. Co.*, 122 Wash. 11, 210 Pac. 26, 29 A. L. R. 268. But it does not follow that Proff is entitled to recover from Maley all of the latter's share of the liability. On the contrary, we think that, under the law and the facts, it is apparent that he is not. The general rule is that one who has discharged a common liability may recover by way of contribution from his co-obligors only the excess which he has paid over his share. 18 C. J. S. 10, § 6 b; 13 Am. Jur. 22, § 17; *Sawyer v. Lyon*, 10 Johns. (20 N. Y.) 32; *Gwinneth v. Thompson*, 9 Pick. (26 Mass.) 30, 19 Am. Dec. 350; *Township of Canosia v. Township of Grand Lake*, 80 Minn. 357, 83 N. W. 346; *Gottschalk v. Gottschalk*, 222 Ill. App. 56; *Phillips-Jones Corp. v. Parmley*, 302 U. S. 233, 82 L. Ed. 221, 58 S. Ct. 197. Of the $4,640, Proff paid $480 in excess of his own share of the obligation, for which he has judgment against Maley; Merritt paid $840 more than his share. Under the rule, there-

fore, he, and not Proff, would be entitled to enforce contribution from Maley for the balance of the latter's share.

Third. Appellant is entitled to have the judgment run against the community of William Maley and Margaret Maley. The presumption is that a note signed by the husband alone is a community debt. *Denis v. Metzenbaum*, 124 Wash. 86, 213 Pac. 453; *Gould v. Culver*, 148 Wash. 689, 270 Pac. 93; *Olympia Bldg. & Loan Ass'n v. McCroskey*, 172 Wash. 148, 19 P. (2d) 671.

The fact that the notes were made for the benefit of the Rosalia Supply Company makes the obligation nonetheless a community debt. *Horton v. Donohoe Kelly Banking Co.*, 15 Wash. 399, 46 Pac. 409, 47 Pac. 435; *Way v. Lyric Theater Co.*, 79 Wash. 275, 140 Pac. 320; *Capital Nat. Bank v. Johns*, 170 Wash. 250, 16 P. (2d) 452. Nor does the fact that the company was insolvent change the community character of the debt. *McNamara v. Gerbel*, 167 Wash. 56, 8 P. (2d) 1001.

Respondent urges that there is no proof that the community of William Maley and Margaret Maley was in existence at the time the notes were executed. It is true there is no positive and direct evidence of the fact of their marriage prior to that time. But we think the fact is circumstantially proven beyond cavil through the testimony of their sons, James and Joseph, the guardian defendant.

The cause is remanded, with direction to modify the judgment accordingly.

ROBINSON, C. J., BEALS, STEINERT, and JEFFERS, JJ., concur.